Timothy Clayton THOMAS, Plaintiff
in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12958.

Court of Criminal Appeals of Oklahoma.

May 3, 1961.

John F. Booth, Jr., Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Timothy Clayton Thomas, plaintiff in error, who shall hereinafter be referred to as the defendant was charged by information in the District Court of Oklahoma County with the crime of Grand Larceny. He was tried before a jury and found guilty. The jury left the punishment to be assessed by the trial judge. Subsequent thereto in an unusual procedure, and before judgment and sentence, defendant entered a plea on said charges and was by the trial court sentenced to 2½ years in the Oklahoma State Penitentiary, and was thereupon committed to the state penitentiary to begin his sentence. Thereafter defendant employed different counsel and lodged a motion in said court to vacate and set aside the judgment and sentence pronounced therein. The motion was predicated upon the grounds that defendant did not know the consequences of his plea of guilty.

Testimony was offered in open court and at the conclusion of said testimony the county attorney stipulated and agreed that the motion to set aside and vacate the judgment and sentence be granted. Whereupon the trial judge sustained the motion and vacated the judgment and sentence. The defendant was then permitted to withdraw his plea of guilty. A motion then was filed by the defendant praying for a new trial.

The motion for a new trial was overruled and the court again pronounced judgment and sentence upon the defendant, confining defendant in the Oklahoma State Penitentiary for a period of 3½ years.

Defendant appeals his case to this court asserting two assignments of error which will be discussed in the order presented.

First, defendant contends that the trial court erred in submitting to the jury the following instruction No. 7:

"Should you find from the evidence under instructions and beyond a reasonable doubt, that the defendant is guilty, so state in your verdict, you may then assess the punishment therefore within the provisions of the law set out herein or *you may leave the punishment to be assessed by the court.*"

Defendant complains particularly about the italicized portion of said instruction and contends it constituted reversible error. He cites in support of his contention Shanahan v. State, Okl.Cr., 354 P.2d 780, 781, wherein the court said:

"In cases where the jury reaches a verdict of guilty and cannot agree upon the punishment and so reports to the court, Title 22 O.S.A. § 927 becomes applicable and the Court shall require the jury to deliberate further after a further instruction that if they are unable to agree to so state in their verdict and leave the punishment to be assessed by the court."

It must be observed by this Court that the Shanahan case, supra, is easily distinguished from the case at bar. In the Shanahan case there was a request made to the trial court to give the following instruction:

"You are further instructed that the defendant herein has requested that in the event you find the defendant guilty that it is your mandatory duty to assess the punishment in the manner and in the amount herein affixed by the court in the other instructions * * * ".

"The court refused to give the instruction but gave the usual stock instruction that if the jury should be unable to agree on the punishment, so state in the verdict and leave it to be assessed by the court."

This court held in that case that defendant was entitled to the requested instruction and

that it constituted reversible error for the court to refuse to give the requested instruction.

■■ The ruling was based upon Title 22 O.S.A. § 926 and the language stated as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and *shall upon the request of the defendant assess and declare this punishment in their verdict within the limitations fixed by law * * *"*.

It is the opinion that the ruling in the Shanahan case is only applicable in cases where such a request is made, and in absence of such a request the instruction No. 7 as given in the case at bar will constitute sufficient compliance with the statute. The statute clearly states that the jury *may* which in the opinion of the court *is* optional and further states *shall upon request* assess the punishment. If the request is made it is error not to follow the ruling as prescribed in the Shanahan case, supra.

In the case at bar the record is absent of any such request. Neither were there objections made or exceptions saved to any of the instructions given. Therefore, the court is of the opinion defendant's first contention is without merit.

■■ Defendant next contends that the trial court exhibited bias and prejudice in increasing defendant's sentence from 2½ years to 3½ years and that the increase was in substance a punishment imposed upon defendant for filing his motion to vacate the original judgment and sentence. It is, of course, recognized that under the laws of our land every individual is entitled to exhaust every legal remedy within the bounds of law before surrendering his liberty. It is not only the natural thing to do but is wholly within the law. It would be a bleak precedent if by inference or otherwise it tended an injection of fear into a defendant of judicial reprisal by way of additional punishment if he chose to exhaust his legal remedies.

■■ This Court does not mean to infer that the increase in the sentence imposed by the learned trial judge was engendered by prejudice but a review of the entire record leads the Court to believe that justice would be better rendered if the original sentence was permitted to stand. Therefore, the judgment and sentence of the trial court is hereby modified from 3½ years in the Oklahoma State Penitentiary to 2½ years in the Oklahoma State Penitentiary and otherwise affirmed.

BRETT and BUSSEY, JJ., concur.