**Billy Edward HAIR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–439.**

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1974.

Rehearing Denied Feb. 28, 1975.

Mac Oyler, Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., M. Joe Crosthwait, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–73–1012, appellant, Billy Edward Hair, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Indecent Exposure. His punishment was fixed at three (3) years imprisonment. From said judgment and sentence he has perfected his timely appeal to this Court.

The evidence adduced at trial in summary reveals that on April 6, 1973, between 8:00 and 8:20 a. m., Jenny Lynn Taylor and Donna Birchfield, Capitol Hill High School students, were riding in Birchfield's car near the Capitol Hill High School campus. They observed defendant in a white over maroon late model Pontiac as they were driving and it appeared to them that he was following them. They parked Birchfield's car in the student parking lot and left the vehicle. They walked to the place where defendant had parked his car in the same lot, knocked on the window, told him to roll it down, and asked him what he wanted. Defendant replied, "You know what I need.", and as the comment was made, Taylor observed defendant had his pants unzipped and was masturbating. Birchfield testified she did not observe this conduct. Thereafter, the pair walked away toward the school and later that day informed the school security guard of the incident.

Officer Don Landis testified he was assigned to investigate the case. On April 9, 1973, while he had the Capitol Hill High School student parking lot area and adjacent streets under surveillance he observed a white over maroon, 1972 or 1973 Pontiac, traveling north on Walker near the campus. He and his companion officer pursued the vehicle but discovered the emergency equipment on their unmarked car would not work. They followed defendant to Interstate 40, called a Highway Patrol unit to make the stop, and subsequently defendant's vehicle was stopped. After defendant was arrested they administered Miranda warnings and defendant admitted that on April 6, 1973, he had committed said offense.

Thereafter the State rested.

The defense rested without presenting evidence.

Defense counsel argues in his first proposition a question prepared by the jury and submitted to the court during the time the jury was deliberating the case was not answered in compliance with procedures provided by statute and case law, and consequently requires reversal of this case. The State counters this argument arguing first, defense counsel did not properly perfect his record by proper objection to the question and second, that the record should be interpreted in favor of full compliance with these procedures.

The question the jury propounded and the court's answer to the question written on the same page upon which the question was written, reads as follows:

"CRF–73–1012 If a guilty verdict [is] decided, could the jury make other recommendations as to punishment such as rehabilitation in a psychiatric hospital?" F. J. Murray

"It is possible that the jury may make a recommendation, however the court is not bound by such a recommendation: C. R. Board."

The record made at the time the trial court answered the question reads as follows:

"(Thereupon, and at 4:15 p. m., the Jury retires to deliberate its verdict; thereafter, the following record is made outside the presence of the Jury:)

"MR. MOORE: I want to enter an objection.

"Comes now the Defendant and objects to the Court receiving or responding to the question from the Jury.

"THE COURT: Let the record reflect that the Jury has written a question and it was handed the Court by the Bailiff, in which they asked if a guilty verdict is decided on, could the Jury make a recommendation as to punishment, such as rehabilitation and psychiatric hospital, and the motion of Counsel is overruled for the reason that the Court will advise that they may make such a recommendation but it is not binding on the Court.

"Now, do you have any further objections?

"MR. MOORE: I should like to object to that, to the accuracy of the Court's response that they are within the realm of their province that makes a recommendation as to that.

"THE COURT: Do you have any comments?

"MR. WARREN: I don't have any comments, Judge. I have no objection to the answer that you just cited.

"THE COURT: I think that's the law. They may say anything that they—make any recommendation they like.

"MR. MOORE: Your Honor, I wonder if it would be appropriate to tell the Jury that you will not follow their instructions?

"THE COURT: No, sir, I wouldn't do that; I might. I don't know what would happen if there was a presentence report or I don't know what the developments will be. It's possible that the Jury may make a recommendation; however, the Court is not bound by such a recommendation. And I will sign it and date it and then I'm going to have—

"MR. MOORE: I'm dubious about the Court's legal capacity to follow a recommendation for psychiatric treatment.

"THE COURT: I didn't say anything about that. I don't know what they will recommend, because it hasn't been done yet.

"(Thereupon, and at 5:45 p. m. of the same day, the Court recalls the Jury to the courtroom; whereupon, parties and Counsel present as heretofore noted and the Defendant present in person, the following further proceedings are had:)

"THE COURT: You people just come on and just make kind of a half-circle and face the bench, if you will. That's fine. You don't have to get back in your jury box.

"Ladies and gentlemen of the Jury, you propounded a question in writing, which is as follows:

"If a guilty verdict is decided, could the Jury make the recommendation as to punishment such as rehabilitation in a psychiatric hospital, and then signed by Mr. Murray. And the Court has made its response and there will be no further oral discussion of the matter, but I answered your inquiry, and of course, to give you an idea, then this is made a part of the case along with the files, your question and my answer, and it will be placed in your hands."

■ First we note that we reject the State's argument that the record was not perfected by a proper objection by defense counsel. The question in this instance is a fundamental question and the objection propounded is sufficient to place the court on notice of any impropriety in the proceedings. We therefore consider the question on its merits.

■■ Title 22 O.S.1971, § 894, the statutory procedure for answering a jury's questions once they have commenced deliberation, states as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

In construing the above section prior to its codification under § 894 of Title 22, this Court settled this question and resolved that during the time in which a jury is deliberating a verdict, an answer to a question delivered to the jury room, not delivered to the jury in open court, in the presence of counsel and defendant, generates a presumption of prejudice with the burden upon the State to show the jury was not prejudiced by such a communication. See Ridley v. State, 5 Okl.Cr. 522, 115 P. 628 (1911). This rule has been religiously adhered to since its inception and is presently the rule. If we should adopt defense counsel's interpretation of the record, that the answer to the jury's question was not communicated in open court, we, without question, would be compelled to reverse this case on this question alone. We, however, find the record shows with sufficient clarity that the answer to the jury's question was delivered in open court, in the presence of counsel for both the State and the defense, and in the defendant's presence. Both counsel for the State and defense were present at the time the trial court drafted its answer and as mentioned before, were present when the answer was delivered. We find such a procedure is sufficient to comply with the procedure outlined in § 894 and the case law submitted by the defense. We therefore find the record does not support defendant's argument the question was not delivered in open court and, consequently the method in which the trial court handled the question was authorized by § 894. In finding this proposition to be without merit, we note in conclusion that no question was raised as to the propriety of the answer delivered by the trial court and consequently was not a consideration in the determination of the issues in this proposition.

■ Defense counsel further argues the evidence is insufficient to prove lewd exposure. We find defense counsel's arguments to be without merit. The facts heretofore recited are sufficient to circumstantially prove this element of the offense of indecent exposure and place within the province of the jury a determination of guilt or innocence. See Marshall v. State, Okl.Cr., 316 P.2d 222 (1957).

■ Defense counsel also urges the recommendation made in the jury's verdict constitutes a finding of insanity. Consequently, the defendant should have been exonerated from criminal responsibility. The recommendation and the jury's verdict reads as follows:

"We the jury empaneled and sworn in the above entitled cause do upon our oaths find the defendant guilty as charged and assess his punishment at one (1) to three (3) years in conjunction with the psychiatric treatment also recommended as warranted. Jay Murray, Foreman."

The rule in this jurisdiction is well settled that the test of criminal responsibility for committing an act which is declared to be a crime is fixed at the point where the accused has mental capacity to distinguish between right and wrong, as applies to the particular act, and to understand the nature and consequences of such act. See Cunningham v. State, 70 Okl.Cr. 131, 105 P.2d 264 (1940). It is this Court's opinion a recommendation that defendant receive psychiatric care coupled with a guilty verdict does not constitute a finding of insanity on the part of the jury. A defendant may be in need of psychiatric care and still maintain the capacity to commit a criminal act. Consequently, the guilty verdict and the recommendation are not inconsistent and the recommendation is not sufficient ground to vitiate the verdict. We therefore find this proposition to be without merit.

Finally we note defendant urges the arguments by the prosecutor constitute ground for relief in this Court as they were prejudicial. A study of the record indicates this Court must closely scrutinize these arguments.

■ Defense counsel first assigns a prosecutor's comment during closing argu-

ments to be a comment on defendant's failure to testify. The statement made by the prosecutor was a statement which referred to the State's evidence as uncontroverted and unrefuted evidence. Counsel argues this is a comment on the defendant's failure to testify.

In Montgomery v. State, Okl.Cr., 447 P. 2d 469 (1968), this Court quoted language from the case of Chesser v. State, 63 Okl. Cr. 84, 73 P.2d 191 (1937), which states as follows:

"Statements of the prosecuting attorney, in argument to the jury, 'why couldn't they contradict the state's testimony, but not one place do they do that,' and 'I say again there is no evidence offered to contradict the state's evidence in this case' held not a comment upon the failure of the defendant to testify as a witness in his own behalf * * *."

Portions of the arguments in the instant case which are recited by defense counsel to be a comment upon the defendant's failure to testify fall squarely within the above mentioned quotation. As this Court has previously determined these comments not to be a comment on defendant's failure to testify, we find this portion of defense counsel's proposition to be without merit.

■■■■ Defense counsel next argues in regard to propriety of closing arguments, that the prosecutor appealed to the jurors' bias and prejudice by voicing his personal opinions regarding specific portions of the evidence. It is a well settled rule in this jurisdiction that a prosecutor's comment on his personal opinion of the defendant's guilt or innocence is prohibited as improper argument, as generally these opinions are outside the scope of the evidence adduced at a trial. See Williams v. State, 4 Okl.Cr. 523, 114 P. 1114 (1910); Cline v. State, 57 Okl.Cr. 206, 47 P.2d 191 (1935). However, it is a well settled rule that within limitations a prosecutor may express his opinion on the evidence when he clearly declares that the opinion he is presenting is predicated upon the evidence adduced at the trial. See White v. State, Okl.Cr., 498 P.2d 421 (1972) and Igo v. State, Okl.Cr., 267 P.2d 1082 (1954). In this Court's opinion the prosecutor indicated with sufficient clarity that the recitals of his personal opinions regarding the evidence were based upon the evidence. These comments were not unduly inflammatory nor after a thorough study, do we consider them prejudicial. For this reason we find these comments to not be a basis for modification or reversal of this case.

■■■■ Defendant finally argues the State's closing arguments are prejudicial for the reason the prosecutor indicated the defendant would receive psychiatric care at the penitentiary. It is improper for the prosecutor to state the defendant will be treated by psychiatrists at the penitentiary if convicted. See Boyd v. State, Okl.Cr., 478 P.2d 980 (1970). We have studied the closing arguments of the prosecutor and find no specific reference made to the fact defendant will receive psychiatric care if convicted. Those portions of the arguments designated by defense counsel to be in support of this assignment of error construed in light of the evidence and other arguments made by counsel do not imply that defendant will receive such treatment at the institution. For this reason we find the proposition to be without merit.

The judgment and sentence is affirmed.

BUSSEY, J., concurs.