William Alexander GAINES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–166.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1977.

John T. Elliott, Public Defender, Frank Muret, Asst. Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellant, William Alexander Gaines, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–1602, with the crime of Unlawful Distribution of a Con-

trolled Dangerous Substance, After Former Conviction of a Felony, in violation of 63 O.S.Supp.1975, § 2–401. He was tried before a jury which returned a verdict of guilty and fixed punishment at imprisonment for a term of fifty (50) years, and a fine of Two Thousand Five Hundred ($2,500.00) Dollars. From said judgment and sentence the defendant has perfected his appeal to this Court.

The State's first witness was Robert Bemo, a police officer with the Oklahoma City Police Department, who on April 13, 1976, was assigned to the undercover unit of the police force. Bemo testified that pursuant to a prearranged plan to make a purchase of a controlled substance he met the defendant at Village South Apartments located at S.W. 77th Street and Western Avenue, in Oklahoma City. The witness stated he arrived in the parking lot of the apartment complex at approximately 8:00 p. m. Upon his arrival defendant walked to the car, stooped down and handed him a pack of cigarettes with two small tinfoil packets inside the cellophane wrapper. Defendant advised Bemo that he could choose either packet containing T.H.C. mixed with cocaine. The witness further testified he pulled one of the tinfoil packets from the cellophane and handed the cigarettes and $10.00 in cash back to the defendant. Bemo then proceeded to the police station where he tagged the item, which was subsequently transferred to the Oklahoma State Bureau of Investigation Laboratory.

The State then called Rodney Sherrer, State Chemist for the Oklahoma State Bureau of Investigation, who testified that an analysis of the substance submitted revealed it to be phencyclydine. The witness further stated that phencyclydine was an hallucinogenic compound and a Schedule Three substance under the Oklahoma Controlled Dangerous Substance Act.

The first and only witness for the defense was the defendant himself. Defendant testified he had previously been convicted of first degree manslaughter, second degree burglary, driving while intoxicated, and leaving the scene of an accident. Defendant stated that on the above mentioned evening he was at the Village South Apartments baby-sitting for Pam Madison, a girl with whom he attended classes at South Oklahoma City Junior College. Defendant specifically denied ever selling any controlled dangerous substance to Officer Bemo. Following the testimony of the defendant, both the State and the defense rested.

■ As his first assignment of error the defendant contends the trial court erred in answering a jury question concerning the amount of time which would need be served before a defendant would be eligible for parole. The trial court answered the jurors in the following manner:

"My answer is that those are not matters for their consideration, that those are matters for the parole board to determine."

No objection was taken to the above response, and as this Court stated in *Choate v. State*, Okl.Cr., 476 P.2d 384 (1970):

"It is elementary that if defendant believed this event was incorrect, improper, or prejudicial he should have entered an objection and thereby allowed the trial judge the opportunity to alter the action defendant now claims was improper. Defendant had ample opportunity to indicate his disfavor and failed to do so at the proper time. . . ."

The defendant suggests that the trial court's statement is fundamentally erroneous in that it draws the jury's attention to parole policies. We find it apparent from the jury's question that they were already aware of the possibility of parole. The trial court did not define the parole process in general. The jury was merely informed that parole was not a matter for their concern, but was for the parole board to determine. The trial court's answer is in compliance with 22 O.S.1971, § 894, and is not error. See, *Hair v. State*, Okl.Cr., 532 P.2d 72 (1974).

As his second assignment of error, the defendant asserts comments made by the trial court to defense counsel in the pres-

ence of the jury over a recess sought by the defense to obtain a witness were prejudicial to the defendant. The trial court rebuked the defendant's counsel for inability to present a defense witness who was not under subpoena. The record reflects the following transpired:

"THE COURT: Well, you're supposed to be ready to go when this case is called for trial and you get in the middle of the trial and then try to leave the impression that you're trying to get somebody as a witness and the Court won't let you. You should have had them subpoenaed or not wait until the trial started and then start trying to locate them.

"I'm going to wait five minutes to give you a chance to hear from somebody.

"MR. WOMACK: Thank you.

"THE COURT: And if you started when we recessed at noon, you told me that you wanted to get in touch with a supposed witness. Now, I guess this was the one you were talking about?

"MR. WOMACK: That is right, and I started.

"THE COURT: You had an hour and a half then, and whoever you sent out to find them, it's now twenty minutes after one, so you've had nearly two hours time to see if she's there, and if not, where she is. I don't want to—just up in the air. Now, here comes a lawyer with another case, see, and waiting on me for another trial. I'm going to give you five minutes.

"You people can sit there or you can get up and leave under the admonition I have given you out in the hall, or just sit here. We're going to wait just a short time to see if he gets a report.

"In other words, my position is this. If you are in good faith and wanted her to appear, she would have been subpoenaed and she would have been here."

■ Although the remarks of the court may be subject to criticism, having been made in the presence of the jury, the rule is well settled that not every improper remark of a trial court will justify a reversal. See, *Sowle v. State*, Okl.Cr., 424 P.2d 993 (1967) and *Calloway v. State*, 38 Okl.Cr. 418, 262 P. 696 (1928).

■ In the instant case we find that the error complained of neither resulted in a miscarriage of justice nor constituted a substantial violation of a constitutional or statutory right. See, 20 O.S.1971, § 3001.

For his third and fifth assignments of error the defendant complains that improper questions by the prosecutor during cross-examination of the defendant were prejudicial to the defendant. The record fails to reflect that defense counsel made any objection to the same.

■ In *Davis v. State*, Okl.Cr., 514 P.2d 1195 (1973), this Court recognized the general rule that objections must be made in order to preserve the error for appeal. Also see, *Thigpen v. State*, 96 Okl.Cr. 309, 253 P.2d 1083 (1953). Absent any objection at trial, defendant has waived the alleged error, and this Court may not now consider it on appeal.

■ Defendant's fourth assignment of error is that the trial court committed error in its ninth instruction to the jury. Although the jury was able to assess the punishment in this case, defendant complains the instruction constitutes an encroachment on his right to a jury trial. Instruction No. 9 reads as follows:

"Should you find from the evidence, under the instructions, and beyond a reasonable doubt, that the defendant is guilty, it will then be your duty to assess the punishment therefor, in your verdict, within the provisions of law set out herein. However, should you be unable to agree on the punishment, after using your very best efforts so to do then you may so state in your verdict, and leave it to be assessed by the Court."

Title 22 O.S.1971, § 926, provides that the jury shall assess punishment upon defendant's request. This Court held in *Thomas v. State*, Okl.Cr., 361 P.2d 1106 (1961), that where the defendant does not request punishment be assessed by a jury it is proper for the trial court to instruct that the jury may leave punishment to be assessed by the

court. Also see, *Frazier v. State*, Okl.Cr., 550 P.2d 952 (1976). The record in the present case is devoid of any request for the jury to assess punishment; therefore, the trial court's instruction was correct.

As his sixth assignment of error, the defendant asserts the punishment assessed in this case is excessive. Although it was not brought out in defendant's argument, we find the trial court committed fundamental error in its seventh instruction to the jury. Instruction No. 7 reads as follows:

> "You are instructed that the punishment for UNLAWFUL DISTRIBUTION OF A CONTROLLED, DANGEROUS SUBSTANCE, after former conviction of a felony, is for any term not less than ten (10) years, and a fine of not more than Five Thousand Dollars ($5,000.00)."

This instruction apparently combines the imprisonment which may be assessed under the second and subsequent offenses statute, 21 O.S.1971, § 51, with the fine which may be imposed under the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1975, § 2–401. Punishment may not be assessed by combining statutes, but must fall within the limitations of one statute only.

This Court held in *Hayes v. State,* Okl. Cr., 550 P.2d 1344 (1976), that when the predicate felony is one not covered under the Uniform Controlled Substances Act, punishment is to be enhanced pursuant to the provisions of the general habitual felon statute, 21 O.S.1971, § 51. The fine assessed in this case does not fall within the statutory limits of Section 51, which provides for punishment by imprisonment in the penitentiary for a term not less than ten (10) years. For the above reasons judgment and sentence must be modified to a term of fifty (50) years' imprisonment.

Defendant's final assignment of error is that the cumulative effect of the errors complained of above operated to deny the defendant a fair trial. After careful examination of the record we find this assignment of error to be without merit.

For all the foregoing reasons, we are of the opinion that defendant obtained a fair and impartial trial before a jury, and the judgment and sentence appealed from should be, and is hereby MODIFIED to a term of fifty (50) years' imprisonment and otherwise AFFIRMED.