**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rudolph V. HOKE, Defendant-Appellant.**

**No. 79–1376.**

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

Howard T. Chang, Honolulu, Hawaii, for defendant-appellant.

Melvin K. Soong, Honolulu, Hawaii, for plaintiff-appellee.

Before MERRILL, ANDERSON and SCHROEDER, Circuit Judges.

MERRILL, Circuit Judge:

Hoke appeals his conviction following jury trial of bank larceny in violation of 18 U.S.C. § 2113(b).

The Kahala Branch of the International Savings and Loan Association (ISLA) was robbed on November 15, 1978. The government's proof by eyewitnesses was to the effect that Hoke was owner of and passenger in the car used by the robber in reaching and leaving the bank on the occasion of the robbery. Hoke's defense was alibi.

Hoke contends on appeal that the proof of guilt was insufficient to support the jury verdict. While it was very thin, still, viewing the evidence in the light most favorable to the government, we cannot say as a matter of law that the jury could not have found guilt beyond a reasonable doubt.

■ Hoke contends that the proof constituted an impermissible variance from the indictment. The indictment stated that ISLA was insured by the Federal Deposit Insurance Corporation. The proof was that it was insured by Federal Savings and Loan Insurance Corporation. We hold that variance to be without prejudice as an obvious inadvertence that did not affect substantial rights of the defendant. It is to be disregarded. *United States v. Radowitz*, 507 F.2d 109 (3d Cir. 1974).

■ Hoke contends that the court's instruction to the jury that it need only find that the amount stolen was in excess of $100 was error. The government had alleged in a bill of particulars that the amount stolen was $2,745. The tellers had testified to a different amount. The court was not in error in giving the challenged instruction. The variance between the proof and the bill of particulars was not material, since the excess over $100 was surplusage. *United States v. Anderson*, 532 F.2d 1218 (9th Cir.), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

Hoke contends that the district court erred in refusing to give the requested alibi instruction. We agree.

Hoke's tendered instruction read:

"Failure to establish an alibi is not evidence of guilt since it is the burden of the Government to prove the complicity of Defendant Hoke and not the burden of Defendant Hoke to establish his innocence."

The court regarded this as cumulative with the court's instruction to the following effect:

"Evidence has been introduced tending to establish an alibi, which amounts to a contention that Defendant Hoke was not present at the time when or at the place where he is alleged to have committed the offense charged in the Indictment.

If, after consideration of all evidence in the case, you have a reasonable doubt as to whether Defendant Hoke was present at the time and place the alleged offense was committed, you must acquit him.

The jury will bear in mind the government's burden of establishing the involvement of the defendant, and all other essential elements of the offense as defined in these instructions, by proof beyond a reasonable doubt."

■ Where alibi is the defense a suitable alibi instruction must be given when requested. *United States v. Ragghianti*, 560 F.2d 1376 (9th Cir. 1977); *United States v. Burse*, 531 F.2d 1151, 1153 (2d Cir. 1976).

■ Here the tendered instruction was not merely cumulative. As stated in *United States v. Burse, supra*, 531 F.2d at 1153:

"In those cases where an alibi defense is presented, there exists the danger that the failure to prove that defense will be taken by the jury as a sign of the defendant's guilt."

The instruction given by the court did not address that danger. The tendered instruction did.

In this case not only was the government's proof of identity weak; appellant's proof of alibi contained internal inconsistencies and could well have been disbelieved by the jury. In such a case the need for an instruction such as that tendered by appellant is clear. Without such an instruction the weakness of the alibi could serve to add strength to the government's proof of identity which otherwise might well have been felt by the jury to be insufficient.

Reversed and remanded for new trial.