Charles Antoine NOVEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–564.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

Patti Palmer, Deputy Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellant, Charles Antoine Novey, was tried by jury for Distribution of a Controlled Dangerous Substance After Former Conviction of Two or More Felonies in the District Court of Oklahoma County,

Oklahoma, Case No. CRF–81–2244. The jury returned a verdict of guilty and set punishment at twenty-five (25) years' imprisonment and a fine of $10,000. The trial court sentenced appellant in accordance with the jury's verdict, and appellant has appealed.

The appellant's conviction was based primarily on the testimony of an undercover narcotics officer working for the Mustang Police Department. The officer testified that he had an arranged meeting with the appellant in the parking lot of a McDonald's restaurant in Oklahoma City on December 23, 1980. He had never seen the appellant before. According to the officer, the purpose of the meeting was to make a drug buy. The officer stated that he met with the appellant inside a parked van and purchased what was later determined to be 100 "tabs" of LSD. After the buy, the officer took the tag number from the van and traced its ownership to the appellant.

In defense, the appellant presented evidence of an alibi. His employer testified that she had paid the appellant to go to San Antonio during the time the drug buy occurred. A friend testified that he had accompanied the appellant on the trip. And, a mechanic testified that he had worked on a van belonging to the appellant during the same period.

## I.

As his first assignment of error, the appellant contends that the trial court erred by refusing to submit his proposed substitute alibi instruction to the jury. We disagree. As this Court stated in *Tate v. State*, 664 P.2d 1036, 1039 (Okl.Cr.1983):

Instructions given to the jury are left to the sound discretion of the trial court, and this Court will not reverse a jury conviction where the instruction, viewed as a whole, fairly and accurately state the applicable law in conformity with the constitutional mandate.

The trial court had suggested the following instructions relating to alibi and burden of proof:

## INSTRUCTION NO. 3

To this charge the defendant was entered a plea of not guilty which casts on the State the burden of proving the material allegations of the information to your satisfaction beyond a reasonable doubt before you would be justified in returning a verdict of guilty.

. . . . .

The defendant is presumed to be innocent of the crime charged against him, and innocent of each and every material element constituting such offense, and this presumption of innocence continues until such time as his guilt is shown to your satisfaction beyond a reasonable doubt, and if, upon a consideration of all the evidence, facts and circumstances in the case you entertain a reasonable doubt of the guilt of the defendant of the crime charged against him, you must give him the benefit of that doubt and return a verdict of not guilty.

## INSTRUCTION NO. 8

The defendant has interposed in this case as one of his defenses what is known in law as an alibi. That is, the defendant was at another and different place at the time of the commission of the crime charged. The law is that such a defense is proper and legitimate, and you should consider all of the evidence bearing thereon, whether introduced by the State or the defendant, and if after a careful consideration of all the evidence in the case you entertain a reasonable doubt as to whether the defendant was present at the time and place where the crime was committed, if it was committed, then and in that event the jury should give the defendant the benefit of the doubt and acquit him.

## INSTRUCTION NO. 9

Should you find from the evidence, under the instruction and beyond a reasonable doubt, that the defendant is guilty of DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE as charged in the information, and as defined in

these instructions, then you shall find the defendant guilty as charged, but if you do not so find, or should entertain a reasonable doubt thereof, or should you find that the defense of ALIBI as defined in these instructions, has been established, or should you entertain a reasonable doubt thereof, then in either of said latter events, you shall find the defendant not guilty.

The appellant then made a request asking the trial judge to substitute the following alibi instruction in place of the instruction the court had proposed:

### DEFENDANT'S REQUESTED INSTRUCTION NO. 1

Evidence has been introduced tending to establish an alibi, which means that the defendant was not present at the time when, or at the place where he is alleged to have committed the offense named in the information.

If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him.

The jury is instructed that the state's burden of establishing the involvement of the defendant, and all other essential elements of the offense as defined in these instructions is proof beyond a reasonable doubt.

The judge declined to grant the appellant's request, and stated that the appellant's proposed substitute was included in substance in the court's Instruction No. 8. The appellant did not object, and the trial judge proceeded to submit the instructions to the jury as originally proposed.

The appellant now contends that the trial court's instructions were inadequate to warn the jury that they should not treat the appellant's failure to establish his alibi as tantamount to a showing of guilt. The appellant relies on *United States v. Hoke*, 610 F.2d 678 (9th Cir.1980), as precedent for his proposal. In *Hoke*, the trial court had suggested giving an instruction which was almost identical to the instruction submitted by our appellant. The defendant in *Hoke*, however, had requested that the trial court supplement its instruction with the following language:

Failure to establish an alibi is not evidence of guilt since it is the burden of the Government to prove the complicity of Defendant Hoke and not the burden of Defendant Hoke to establish his innocence.

The trial court refused the request and the Ninth Circuit reversed. In reversing, the Circuit Court stated that in a situation in which the State's proof of identity is weak and the defendant's alibi contains internal inconsistencies, such a request should be granted in order to warn the jury that a weak alibi does not prove guilt. *Id.* at 679.

■ Appellant argues that *Hoke* indicates that the trial court should have accepted his substitute alibi instruction. An examination of *Hoke*, however, demonstrates that its holding is not applicable to this case. The instruction proposed by our appellant is almost identical to the instruction given by the trial court in *Hoke*. Moreover, it is, in substance, very similar to our trial court's Instruction No. 8. The defendant in *Hoke*, by contrast, submitted a *supplemental* instruction which addressed itself directly to the danger involved. Since the appellant was requesting an instruction which differed little in substance from the trial court's instruction, it was not an abuse of discretion to deny appellant's request.

■ In addition, a trial court is not generally required to give a special alibi warning instruction *sua sponte*. This Court has repeatedly held that the trial court's Instruction No. 8 is an appropriate instruction for an alibi defense. *See e.g.*, *Stuart v. State*, 35 Okl.Cr. 103, 249 P. 159 (1926); *Cortez v. State*, 415 P.2d 196 (Okl. Cr.1966). As stated, the defendant in *Hoke* submitted a supplemental instruction which warned the trial court of his concern that the jury might act improperly in weighing the effect of a weak alibi defense. An examination of the discussion which took

place between our trial court and the appellant's attorney concerning the court's proposed instructions clearly illustrates that the appellant failed to similarly advise our trial court of the problem he sought to avoid.

THE COURT: Have you had a chance to look over the Court's instruction one through eleven?

[APPELLANT'S ATTORNEY]: Yes, Your Honor, I have.

THE COURT: All right. I'll ask you to state any objection you have to those instructions individually and by number.

[APPELLANT'S ATTORNEY]: I have no objection to them other than that I would prefer to substitute the alibi instruction that I submitted to Your Honor for the one that the Court has put in the instructions.

THE COURT: Okay. I've given number one in substance in my number eight. And the reason I'm giving my number eight is because it's a stock instruction that has been used around here for years and approved many times by the Court of Criminal Appeals. So, that is the reason I have used it.

[APPELLANT'S ATTORNEY]: I have no objection, Your Honor, to the verdict forms.

Since the appellant failed to request a special warning, he has waived any objection to its absence. This assignment of error is, therefore, without merit.

## II.

As his second assignment of error, the appellant asserts four subpropositions relating to alleged sentencing errors. Since we find that appellant's third subproposition has merit and warrants maximum sentencing relief, we will not address the allegations contained in the other subproposals.

▆▆ In his third subproposition, the appellant contends that the trial court erred by giving an instruction which improperly combined the provisions from two different punishment statutes. We agree.

On the issue of punishment, the trial court instructed the jury as follows:

DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE is punishable in the State Penitentiary for any term not less than five (5) years, nor more than twenty (20) years, and a fine of not more than $20,000.00

DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE after former conviction of a felony is punishable by imprisonment in the State Penitentiary for any term not less than ten (10) years and a fine of not more than $20,000.00.

DISTRIBUTING A CONTROLLED DANGEROUS SUBSTANCE after former conviction of two, or more, felonies is punishable by imprisonment in the State Penitentiary for any term not less than 20 years and a fine of not more than $20,000.00.

The instruction combined provisions from 63 O.S. 1981, § 2–401(C), a drug offense enhancement statute, with provisions from 21 O.S. 1981, § 51(B), the general felony enhancement statute. We have previously held that when both the predicate and the new offense are drug offenses, any enhancement must be made pursuant to the provisions of the Uniform Controlled Dangerous Substances Act. *Faubion v. State*, 569 P.2d 1022 (Okl.Cr.1977). We have also held that when the new offense is a drug offense, but the predicate offense is nondrug, it is proper to enhance under section 51(B). *Hayes v. State*, 550 P.2d 1344 (OKl.Cr.1976). Therefore, since the appellant was charged with both drug and nondrug predicate offenses, it would have been permissible to provide for enhancement under either statute. It is not permissible, however, to provide for enhancement under both, either by mixing their provisions or by instructing on both statutes separately. When it is proper to enhance under either statute, the district attorney must make an election as to which enhancement he wishes to pursue. In *Gaines v. State*, 568 P.2d 1290 (Okl.Cr.1977), the trial court similarly mixed the provisions of the two statutes.

In modifying the sentence, this Court stated:

> [W]e find the trial court committed error in its seventh instruction to the jury ... This instruction apparently combines [the punishment provisions of the two statutes] ... Punishment may not be assessed by combining statutes, but must fall within the limitations of one statute only. *Id.* at 1294.

In *Gaines*, this Court modified the sentence by eliminating the fine imposed by the jury. *Gaines*, however, involved a crime which could only be enhanced under the provisions of section 51(B). Thus, this Court was able to determine that the section 51(B) imprisonment portion of the instruction was correct and needed no modification. In this case, the crime could have properly been enhanced under either statute. Since it is impossible to determine what a jury would have done under a proper instruction, we are unable to affirm either portion of appellant's sentence. Accordingly, we must, under the authority granted by 22 O.S.1981, § 1066, modify the appellant's sentence to the minimum term consistent with the jury's finding of guilt. We, therefore, hold that appellant's sentence should be modified to ten (10) years imprisonment, the minimum permitted under either of the two enhancement statutes.

Accordingly, for the foregoing reasons, the judgment and sentence is AFFIRMED as MODIFIED.

BRETT, J., concurs specially.

BUSSEY, J., concurs in results.

BRETT, Judge, specially concurring.

While I concur in this decision, I believe it should be pointed out that this is a new holding of this Court today. Further, I am of the opinion that when the district attorney alleges both drug and non-drug former offenses as the predicate to enhance punishment, the election has been made to place the punishment under 21 O.S.1981, § 51(B). It will then simplify the court's instructions and avoid the problem presented by the imposition of a fine in this case when the trial court utilized both statutes when drafting the instructions.