2008 OK CR 28

**Courtney Dewayne WATTS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2007–410.**

Court of Criminal Appeals of Oklahoma.

Dec. 5, 2008.

### *ORDER GRANTING PETITION*
### *FOR REHEARING*

¶1 Courtney Dewayne Watts, Appellant, was tried by jury and found guilty of Counts 1 and 4, unlawful distribution of a controlled dangerous substance (methamphetamine), in violation of 63 O.S.Supp.2003, § 2–401(A)(1); Counts 2 and 3, trafficking in illegal drugs (methamphetamine), in violation of 63 O.S.Supp.2002, § 2–415; Count 5, conspiracy to commit unlawful distribution of a controlled dangerous substance (methamphetamine), in violation of 63 O.S.2001, § 2–408; Count 6, unlawful possession of a firearm on supervised probation, in violation of 21 O.S.Supp.2002, § 1283(C); and Count 7, maintaining a dwelling where a controlled dangerous substance was kept, in violation of

63 O.S.2001, § 2–404, in the District Court of Oklahoma County, Case No. CF–2005–2162.

¶ 2 The jury found Appellant committed these crimes after a prior deferred sentence for a drug felony, *see* 63 O.S.2001, § 2–410, and sentenced as follows: in each of Counts 1 and 4, thirty (30) years imprisonment and a $40,000 fine; in each of Counts 2 and 3, fifty (50) years imprisonment and a $100,000 fine; in Count 5, twenty (20) years imprisonment and a $40,000 fine; in Count 6, ten (10) years imprisonment; and in Count 7, eight (8) years imprisonment and a $20,000 fine. The Honorable Virgil C. Black, District Judge, reduced the fines in Counts 2 and 3 to $40,000 each, but otherwise pronounced judgment and sentence in accord with the verdicts, and ordered the sentences served consecutively. In an opinion issued September 25, 2008, this Court affirmed the convictions, modified the sentence in Count 7 to five (5) years imprisonment, and otherwise affirmed. *Watts v. State,* 2008 OK CR 27, 194 P.3d 133.

¶ 3 The State filed a timely petition for rehearing of the Court's published decision on October 13, 2008. On October 20, 2008, the State filed an amendment to its original petition for rehearing providing additional authority in support of its petition. Rehearing is proper when a question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or when the Court's decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument. Rule 3.14, *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp.2008, Ch. 18, App. The State's *Amended Petition for Rehearing* is **GRANTED.**

¶ 4 In *Watts,* we held the District Court erred by instructing the jury in Count 7, maintaining a dwelling where a controlled drug was kept, on an enhanced range of punishment found in 21 O.S.Supp.2002, § 51.1(A)(3), which provides as follows:

If such subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the State Penitentiary for five (5) years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the State Penitentiary for a term not exceeding ten (10) years.

We noted that the maintaining a dwelling statute, 63 O.S.2001, § 2–404, carried no minimum term for a first offense, and initially concluded the correct enhancement for such crimes is found in 21 O.S.Supp.2002, § 51.1(A)(2), specifically the second sentence thereof. *Watts,* 2008 OK CR 27, at ¶ 7, 194 P.3d 133. Section 51.1(A)(2) provides:

If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the State Penitentiary for any term exceeding five (5) years, such person is punishable by imprisonment in the State Penitentiary for a term in the range of twice the minimum term for a first time offender to life imprisonment. *If the subsequent felony offense does not carry a minimum sentence as a first time offender, such person is punishable by imprisonment in the State Penitentiary for a term in the range of two (2) years to life imprisonment.* (emphasis added).

¶ 5 The State on rehearing persuasively argues that section 51.1(A)(2) is inapplicable to the crime in Count 7 by virtue of the first sentence of that statute, which limits its application to crimes which "upon a first conviction an offender would be punishable … for any term exceeding five years." Reading section 51.1(A)(2) as a whole, the Legislature intended the second sentence of section 51.1(A)(2) to apply to crimes punishable by a maximum term greater than five (5) years, but which carry no minimum term for first time offenders.

¶ 6 This reading of section 51.1(A)(2) gives effect to section 51.1(A)(3), providing enhancement for subsequent offenses which, upon a first conviction, are punishable "for five (5) years, *or any less term.*" A first offense of maintaining a dwelling where a controlled drug was kept carries no minimum term, and is punishable for a term not exceeding five (5) years imprisonment. 63 O.S. 2001, § 2–404(B). The enhanced range of punishment for this offense, after a prior felony conviction, is therefore "imprisonment in the State Penitentiary for a term not exceeding ten (10) years" under section 51.1(A)(3). We find on rehearing that the

District Court correctly instructed the jury on the range of punishment for Count 7 under 21 O.S.Supp.2002, § 51.1(A)(3). Our statement to the contrary in Watts was incorrect and is repudiated. *Watts,* 2008 OK CR 27, ¶ 7, 194 P.3d 133.

¶ 7 In its *Amended Petition for Rehearing,* the State offers an alternate theory for the District Court's sentencing instruction in Count 7 which merits discussion. The State argues the District Court's sentencing instruction was proper under the "specific enhancement provision" for the crime of maintaining a dwelling where a controlled drug was kept, found at 63 O.S.2001, § 2–404(C), which provides:

> Any person convicted of a second or subsequent violation of this section is punishable by a term of imprisonment twice that otherwise authorized and by twice the fine otherwise authorized. The fine provided for in this subsection shall be in addition to other punishments provided by law and shall not be in lieu of other punishment.

¶ 8 The State first cites language in *Novey v. State,* 1985 OK CR 142, ¶ 14, 709 P.2d 696, 699, that "when both the predicate and the new offense are drug offenses, any enhancement must be made pursuant to the provisions of the Uniform Controlled Dangerous Substances Act." The State then argues our decision in Watts is in conflict with *Faubion v. State,* 1977 OK CR 302, 569 P.2d 1022. In *Faubion,* the defendant was convicted of larceny of a controlled drug, after prior conviction of a felony, and sentenced to fifty (50) years imprisonment. On appeal, he alleged the trial court erred by instructing the jury under the Habitual Offender Act (now 21 O.S.Supp.2002, § 51.1), rather under the specific enhancement provision provided by the Uniform Controlled Dangerous Substances Act. The enhancement statute at issue in *Faubion* was 63 O.S.1971, § 2–403:

> Any person found guilty of larceny, burglary or theft of controlled dangerous substances is guilty of a felony punishable by imprisonment for a period not to exceed ten (10) years. *A second or subsequent offense under this section is a felony punishable by imprisonment for not less than four (4) nor more than twenty (20) years.* Convictions for second or subsequent violations of this section shall not be subject to

statutory provisions or suspended sentences, deferred sentences or probation. *Faubion,* at ¶ 10, 569 P.2d at 1024–25 (emphasis added).

¶ 9 The State argued in *Faubion* that enhancement was proper under the Habitual Offender Act, "since the prior conviction upon which enhancement was based was not obtained *under the same section* as was the conviction for the instant case." *Id.* at ¶ 11, 569 P.2d at 1025 (emphasis added). That is, Faubion's prior conviction was for possession of a controlled drug, not larceny of a controlled drug. The Court rejected this argument, saying:

> While the State emphasizes the words, 'under this section,' it attempts to argue this language out of context. The language 'under this section' *refers only to the second or subsequent offense.* To qualify as a second or subsequent offense under the Uniform Controlled Dangerous Substances Act, the prior conviction need only be obtained *under any section of this Act.*

*Id.* (emphasis added). Relying on *Faubion,* the State now argues the specific enhancement provision of 63 O.S.2001, § 2–404(C) as the proper enhancement for Appellant's crime in Count 7. Although Appellant's prior conviction was for possession of a controlled drug with intent to distribute, the State reads *Faubion* to mean the nature of his prior conviction is "of no consequence . . . since his prior conviction was still obtained under the Uniform Controlled Dangerous Substances Act."

¶ 10 We agree that when a specific enhancement provision for a violation of the Uniform Controlled Dangerous Substances Act applies to an offense, that enhancement controls over the more general provisions of 21 O.S.Supp.2002, § 51.1, or other law. *See* 21 O.S.2001, § 11. We also agree with the State that the enhancement provision in section 2–404(C) is a specific enhancement provision. Indeed, it is far *too specific* to support the State's argument here. Section 2–404(C) provides an enhanced penalty for a person convicted of "a *second* or subsequent *violation of* this *section,*" unmistakably referring to a serial violator of section 2–404 of Title 63. Unlike the statute in *Faubion,* in which "[t]he language 'under this section' refers only to the second or subsequent of-

fense," the plain language of section 2–404(C) provides for enhancement of punishment *only* when a person is convicted of a second or subsequent violation of any of the six subsections of section 2–404(A).

¶ 11 No specific statute exists in the Uniform Controlled Dangerous Substances Act to enhance Appellant's offense of maintaining a dwelling where controlled drugs are kept, after former conviction of a drug felony, and we will not create one by ignoring the plain language of section 2–404(C). The proper enhancement for Appellant's crime in Count 7 is found in 21 O.S.Supp.2002, § 51.1(A)(3). The District Court therefore properly instructed the jury that the range of punishment for Count 7, after one (1) prior conviction, was no more than ten (10) years imprisonment. Although section 51.1(A)(3) provides no fine, the maintaining a dwelling statute specifically states that "[t]he fine provided for in this subsection shall be in addition to other punishments provided by law and shall not be in lieu of other punishment." 63 O.S.2001, § 2–404(B). The fine provided for a defendant's first violation of the statute is not more than $10,000.00. *Id.* Based on the foregoing, we **GRANT** the State's *Amended Petition for Rehearing,* **AFFIRM** Appellant's sentence of eight (8) years imprisonment in Count 7, and **MODIFY** the fine of $20,000 in Count 7 to a fine of $10,000. No other relief is required.

¶ 12 **IT IS SO ORDERED.**

¶ 13 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 5th day of December, 2008.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David Lewis
DAVID LEWIS, Judge