FILED
United States Court of Appeals
Tenth Circuit

March 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENT CIRCUIT**

LINDA HOLT,

      Petitioner - Appellant,

v.

MILLICENT NEWTON-EMBRY,

      Respondent - Appellee.

No. 13-6279
(D.C. No. 5:12-CV-01032-W)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

      Petitioner-Appellant Linda Holt, an Oklahoma state inmate proceeding pro se, seeks to appeal the district court's denial of her petition for habeas corpus. 28 U.S.C. § 2254; Holt v. Newton-Embry, No. CIV-12-1032-W, 2013 WL 6115729 (W.D. Okla. Nov. 20, 2013). We deny a certificate of appealability ("COA") and dismiss the appeal.

      In 2010, Ms. Holt was convicted by a jury and sentenced to fifty years in prison for trafficking illegal drugs (marijuana) in contravention to Oklahoma law. Holt, 2013 WL 6115729, at *1. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed her conviction and sentence. Id. (citing Holt v. State, No. F-2010-721 (Okla. Crim. App. 2011)). Ms. Holt then sought post-conviction relief

in federal district court based on the six arguments addressed by the OCCA: (1) the legality of her initial search and seizure; (2) whether sufficient evidence supported her conviction; (3) the admission of "bad character evidence" in violation of the Fifth and Fourteenth amendments to the United States Constitution; (4) the trial court's failure to instruct the jury on her ineligibility to earn good-time credits during incarceration; (5) an excessive sentence; and (6) cumulative error. Id. The district court denied review of the first claim as barred by Stone v. Powell, 428 U.S. 465, 494 (1976), and rejected the five remaining claims because the OCCA's determinations were neither legally or factually unreasonable. Holt, 2013 WL 6115729, at *1-2 (citing 28 U.S.C. § 2254(d)(1-2)). Ms. Holt raises the same six claims in her petition for COA. Aplt. Br. 1-3.

In order for this court to grant a COA, Ms. Holt must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Where the district court rejected Ms. Holt's claims on the merits, she must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Like the district court, we must defer to the state court proceedings on

these claims unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); accord Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (recognizing the "highly deferential" standard of review to state-court determinations under § 2254). State court findings of fact are presumed correct, absent clear and convincing evidence otherwise. 28 U.S.C. § 2254(e)(1).

The district court's resolution is not reasonably debatable. Ms. Holt's Fourth Amendment claims regarding her search and seizure are barred by Stone v. Powell, 428 U.S. 465, 494 (1976). The OCCA's sufficiency of the evidence analysis, 1 R. 276, comports with Jackson v. Virginia, 443 U.S. 307, 319 (1979). The state court evidentiary rulings, including the conclusion that the probative value of unfavorable evidence outweighed the danger of unfair prejudice, 1 R. 277-78, are beyond federal habeas review absent a showing of fundamental unfairness of the trial, which was not shown here. Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). Ms. Holt has not shown that she was denied due process or a fair trial by the trial court's decision not to expound upon the jury's sentencing instruction. Henderson v. Kibbe, 431 U.S. 145, 154-55 (1977); Neely

v. Newton, 149 F.3d 1074, 1086 (10th Cir. 1998).[1]  Insofar as Ms. Holt's argument that her sentence was excessive—either because the jury assumed that she would be eligible for earned credits or because her sentence shocks the conscience of the court—Eighth Amendment challenges are extraordinarily difficult.  United States v. Angelos, 433 F.3d 738, 750-51 (10th Cir. 2006) (summarizing cases).  Ms. Holt's sentence was within the statutory range, and the district court's rejection of this claim was not reasonably debatable.  Dorszynski v. United States, 418 U.S. 424, 431 (1974); United States v. Hack, 782 F.2d 862, 870 (10th Cir. 1986).  Finally, Ms. Holt's cumulative error claim cannot succeed as it is predicated on non-errors.  Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998).

We have carefully reviewed Ms. Holt's opening brief and application for a COA, the district court's thorough analysis of each of Ms. Holt's claims, and the record.  Based on this review, we conclude that Ms. Holt fails to make a substantial showing of a denial of a constitutional right.

---

[1] In general, we defer to a state's determination on what a jury should and should not be told about sentencing.  Simmons v. South Carolina, 512 U.S. 154, 168 (1994).  Here, the OCCA correctly relied on Watts v. State, 194 P.3d 133, 137 (Okla. Crim. App. 2008), reh'g granted, opinion modified on other grounds, 197 P.3d 1094 (Okla. Crim. App. 2008) (holding that trial courts should not ordinarily instruct juries on deductions for good behavior). 1R 278.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge