2007 OK CR 20

**Otis Harold LACY, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2006–723.

Court of Criminal Appeals of Oklahoma.

May 23, 2007.

As Corrected July 25 and Aug. 15, 2007.

---

Bob Ward, Stillwater, OK, attorney for defendant at trial.

Kathy Thomas, Assistant District Attorney, Guthrie, OK, attorney for State at trial.

Thomas Purcell, Appellate Defense Counsel, Norman, OK, attorney for petitioner on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Preston Saul Draper, Assistant Attorney General, Oklahoma City, OK, attorneys for respondent on appeal.

## SUMMARY OPINION

CHAPEL, Judge.

¶ 1 Otis Harold Lacy was tried by jury and convicted of Count I, Procuring Child Pornography in violation of 21 O.S.2001, § 1021.2; Count II, Distributing Child Pornography in violation of 21 O.S.2001, § 1021.2; both after former conviction of a felony; and Counts III and IV, Contributing to the Delinquency of a Minor in violation of 21 O.S.2001, § 856, in the District Court of Payne County, Case No. CF–2004–646. In accordance with the jury's recommendation the Honorable Donald L. Worthington sentenced Lacy to ten (10) years imprisonment (Count I); fifteen (15) years imprisonment (Count II); and one (1) year in the county jail and a $1000 fine on each of Counts III and IV. Lacy appeals from these convictions and sentences.

¶ 2 Lacy raises six propositions of error in support of his appeal:

I. The trial court committed fundamental error by not informing the jury that Lacy would not be eligible for parole until he had served 85% of his sentence;

II. For the single act of allegedly encouraging his daughter to distribute pornography, Lacy was convicted of the felony of distributing pornography and also the felony [sic] of contributing to the delinquency of a minor; this violated the prohibitions against double jeopardy and double punishment and requires that one of the convictions be vacated;

III. Because Lacy allegedly had to procure the pictures in order to distribute them, it violated the prohibitions against double jeopardy and double punishment to convict him of one count of procuring the pictures, and a second count of distributing the pictures;

IV. Lacy was denied the right to cross-examine the chief prosecution witness regarding his theory of defense;

V. The trial court did not have jurisdiction to try Lacy as a repeat offender under the habitual criminal provision of 21 O.S. 2001, § 51.1; and

VI. Ineffective assistance of counsel deprived Lacy of a fair trial.

¶ 3 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we find that the law and evidence do not require modification of Lacy's sentence. We further find that Count III must be dismissed.

■ ¶ 4 We find in Proposition II that, under the specific language of the Information, Lacy's convictions for Count II, distributing child pornography, and Count III, contributing to the delinquency of a minor, violate the statutory prohibition against multiple punishment for a single act, and conclude that the conviction for Count III must be dismissed.[1] In connection with this proposition, we note that Lacy's convictions in Counts III and IV are for misdemeanor, not felony, offenses. The case must be remanded to the District Court for an Order *Nunc Pro Tunc* correcting the Judgment and Sentence to reflect that the remaining count, Count IV, is a misdemeanor offense.

■ ¶ 5 We find in Proposition III that Lacy's convictions for Counts I and II violate neither the prohibition against multiple punishment nor double jeopardy.[2] We find in Proposition IV that the trial court did not abuse its discretion in limiting Lacy's cross-examination of the victim.[3] We find in Prop-

---

1. 21 O.S.2001, § 11. The very specific language in each count was proved by evidence that Lacy asked his 14–year–old daughter to distribute fliers with the victim's photograph at the high school on August 31, 2004.

2. 21 O.S.2001, § 11; *Mooney v. State,* 1999 OK CR 34, 990 P.2d 875, 883 (adopting same evidence test for double jeopardy analysis). The State charged and proved in Count I that in June, 2004, Lacy talked the victim into posing for and taking nude pictures, as well as pictures of

the two of them engaged in sexual activity. In Count II, the State charged and proved that Lacy used one of those pictures in a flier which he had his daughter distribute at school on August 31, 2004. These are clearly two separate acts, which occurred at separate times and are punishable under separate statutes.

3. A trial court may, in its discretion, limit cross-examination, or extend it beyond the subject matter of direct examination to impeach a witness on matters of "witness accuracy, memory, verac-

osition V that, although Lacy was not bound over on the second page of the Information at preliminary hearing, he waived the error by entering a plea at his arraignment without objecting to the Information.[4] We find in Proposition VI that counsel was not ineffective.[5]

¶ 6 We find merit in Proposition I. By statute, Lacy would have to serve 85% of his sentences on Counts I and II before being eligible to be considered for parole (the 85% Rule).[6] We held in *Anderson v. State* that jurors should be instructed on the 85% Rule in every case to which it applies.[7] As his appeal is heard after *Anderson*, Lacy receives the benefit of that decision.[8] The State argues that this Court has held the requirement to instruct on the 85% Rule does not apply to cases enhanced by the general enhancement statute, 21 O.S.Supp. 2002, § 51.1.

¶ 7 This is a serious misreading of *Coates v. State*.[9] In *Coates*, the defendant was convicted of unlawful distribution of methamphetamine within 2000 feet of a school. This is not an enumerated 85% Rule crime.[10] Coates's sentence was enhanced with prior convictions which included both drug and non-drug offenses. The drug enhancement statute for Coates's crime, which applies only where all prior offenses are drug offenses, separately contains a provision requiring a defendant to serve 85% of his sentence.[11] Coates claimed on appeal that, based on this separate drug enhancement statute, he should have received an 85% Rule instruction. However, Coates's sentence was not enhanced under this statute, but under § 51.1. As Coates's crime was not an 85% Rule crime, and he did not fall under the separate 85% Rule drug sentencing enhancement statute, this Court properly held that he was not entitled to an instruction on the 85% Rule.

¶ 8 *Coates* makes no general pronouncements regarding the application of the 85% Rule. However, in dicta the Court referred to the fact that the § 51.1 general enhancement statute contains no 85% Rule language. We did not mean by this to suggest that the language of the general enhancement statute has any effect on the issue of 85% Rule crimes. The 85% Rule mandates that defendants who are convicted of certain enumerated crimes *must* serve 85% of their sentence, by virtue of their conviction alone, whether or not their sentence may by enhanced with prior convictions.[12] The State has misread this Court's reference to sentence enhancement in *Coates* to conclude that courts need not instruct on the 85% Rule in general sentence enhancement cases, because "the 85% Rule does not apply" to those cases. This flatly contradicts the plain language of

ity, or credibility." *Hooks v. State*, 2005 OK CR 23, 126 P.3d 636, 642, *cert. denied*, 547 U.S. 1078, 126 S.Ct. 1790, 164 L.Ed.2d 531 (2006); *Charm v. State*, 1996 OK CR 40, 924 P.2d 754, 769. Lacy cites cases in which cross-examination on issues raised on direct was denied entirely, or cross-examination on irrelevant issues was allowed. Those circumstances are not present here. We note that Lacy failed to make a record showing what further questioning on this issue would have revealed or how it would have affected his defense, and has waived all but plain error. *Perry v. State*, 1995 OK CR 20, 893 P.2d 521, 530.

4. *Berry v. State*, 1992 OK CR 41, 834 P.2d 1002, 1005.

5. *Browning v. State*, 2006 OK CR 8, 134 P.3d 816, 830–31, *cert. denied*, — U.S. —, 127 S.Ct. 406, 166 L.Ed.2d 288 (2006); *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069–70, 80 L.Ed.2d 674, 693 (1984). The jury was told about the details of D.L.'s inconsistent statement, and counsel's decision to limit his questioning was reasonable strategy. Counsel's closing argument, while brief, laid out a theory of defense, gave jurors a reason for acquittal, and preserved Lacy's claim of innocence.

6. 21 O.S.2001, §§ 12.1, 13.1.

7. *Anderson v. State*, 2006 OK CR 6, 130 P.3d 273, 282.

8. *Carter v. State*, 2006 OK CR 42, 147 P.3d 243, 244; *Anderson*, 130 P.3d at 283.

9. 2006 OK CR 24, 137 P.3d 682.

10. 21 O.S.Supp.2002 § 13.1.

11. 63 O.S.Supp.2004, § 2–401(F)(2).

12. 21 O.S.2001, §§ 12.1, 13.1.

the 85% Rule statutes, which clearly applies to all convictions for the enumerated crimes.[13] Juries should be instructed on the 85% Rule in every case in which it applies, including cases where a defendant's sentence is enhanced under § 51.1.

### Decision

¶ 9 The Judgments of the District Court on Counts I, II and IV are **AFFIRMED.** The Judgment and Sentence on Count III is **REVERSED** with instructions to **DISMISS.** The case is **REMANDED** to the District Court for an Order *Nunc Pro Tunc* reflecting that the conviction in Count IV is a misdemeanor offense. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2007), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LEWIS, J. concurs.

C. JOHNSON, V.P.J. and A. JOHNSON, J. concur.

LUMPKIN, Presiding Judge: concur in part/dissent in part.

¶ 1 I concur with the Court in affirming the convictions in Counts I, II, and IV. However, I dissent to the reversal of Count III. I find the evidence, including the sequence of events, makes Count III a separate and distinct crime.

---

**13.** To hold otherwise would mean that a defendant convicted of an 85% Rule crime, whose sentence was enhanced under § 51.1, would not have to serve 85% of his sentence. This would directly contravene the plain language of the 85% Rule statutes and the will of the Legislature.