FILED
United States Court of Appeals
Tenth Circuit

December 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OTIS H. LACY,

          Petitioner - Appellant,

v.

DAVID PARKER, Warden,

          Respondent - Appellee.

No. 09-6095
(W.D. Oklahoma)
(D.C. No. 5:08-CV-01094-R)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

      This matter is before the court on Otis Lacy's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Lacy seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant** Lacy's request to proceed

on appeal *in forma pauperis*. Because Lacy has not, however, "made a substantial

showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies**

his request for a COA and **dismisses** this appeal.

      A jury convicted Lacy in Oklahoma state court of Procuring Child

Pornography and Distributing Child Pornography, both after former conviction of

a felony, and two counts of Contributing to the Delinquency of a Minor. Pursuant to the jury's recommendation, the state trial court sentenced Lacy to ten years on the Procuring conviction, fifteen years on the Distributing conviction, and one year on each of the Contributing convictions. The trial court ordered the sentences to run concurrently. On direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") set aside one of Lacy's Contributing convictions on the ground it arose out of the same act as the Distributing conviction, thereby violating the Oklahoma statutory prohibition against multiple punishments for a single act. *Lacy v. State*, No. F-2006-723, slip op. at 2 (Okla. Crim. App. May 23, 2007) (unpublished summary opinion). The OCCA further concluded the trial court erred when it failed to instruct the jury that Lacy would not be eligible for parole until he served eighty-five percent of his sentence. *Id.* at 3-5. To remedy this error, the OCCA modified Lacy's sentences so they would all run concurrently. *Id.* at 5. Lacy then filed a Motion for Order Nunc Pro Tunc, advising the OCCA the trial court had already ordered his sentences to run concurrently and requesting that the OCCA modify his sentence in some favorable way. The OCCA declined Lacy's request, concluding "the law and evidence do not require modification of Lacy's sentence." *Lacy v. State*, 171 P.3d 911, 913 (Okla. Crim. App. 2007).

After exhausting his Oklahoma post-conviction remedies, *Lacy v. State*, No. PC-2007-838, slip op. at 1-2 (Okla. Crim. App. Nov. 2, 2007), Lacy filed the

instant § 2254 petition in federal district court, raising seven grounds for relief. The matter was referred to federal Magistrate Judge Valerie Couch for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In a comprehensive and meticulous Report and Recommendation, Magistrate Judge Couch analyzed on the merits each ground for relief set out in Lacy's § 2254 habeas petition and recommended that the district court deny relief. After augmenting the already extensive analysis set out by Magistrate Judge Couch, the district court adopted the Report and Recommendation in its entirety and denied Lacy's petition.

The granting of a COA is a jurisdictional prerequisite to Lacy's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Lacy must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Lacy has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Lacy need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove

something more than the absence of frivolity or the existence of mere good faith."
*Id.*

Having undertaken a review of Lacy's appellate filings, the district court's Order, the Magistrate Judge's well-stated Report and Recommendation, and the entire record before this court, we conclude Lacy is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by Magistrate Judge Couch in her Report and Recommendation. Accordingly, this court **DENIES** Lacy's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge