Richard Anthony **RILEY**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–87–58.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1988.

David L. Miller, Asst. Public Defender, Oklahoma City, for appellant.

Robert Henry, Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant, Richard Anthony Riley, was tried by jury in the District Court of Oklahoma County, Case No. CRM–85–2755, and found guilty of the crime of Distribution of an imitation Controlled Dangerous Substance in violation of 63 O.S.Supp.1982, § 2–401. The jury recommended that the appellant be sentenced to three hundred and sixty-five (365) days in the County Jail and fined one thousand dollars ($1,000.00). The trial court entered judgment and sentenced the appellant in accordance with the jury's recommendation. It is from this judgment and sentence that the appellant has appealed to this Court.

The record reflects that on or about June 9, 1985, at approximately 8:00 p.m., two on-duty undercover narcotics officers from the Edmond Police Department were en route to an individual's residence to purchase a quantity of amphetamines. After the officers had requested more amphetamines than the supplier had to sell, the supplier made a phone call and shortly thereafter, the appellant arrived at the residence. After the officers were introduced to the appellant, the drug sale was consummated among the appellant, the supplier, and the two officers.

■ As his first assignment of error, the appellant contends that the trial court erred in denying his motion for mistrial. The appellant's counsel moved for a mistrial after one of the police officers who participated in the drug deal testified that the appellant informed him that ... "he [the appellant] could get me just about anything that I wanted...." (O.R.14) The appellant objected to this statement as an impermissible "evidentiary harpoon" of other crimes evidence. The trial court overruled the appellant's objection.

The decision of whether to grant an appellant's motion for a mistrial is a matter which lies within the sound discretion of the trial court and this Court will not disturb the trial court's decision unless there has been an abuse of discretion. *Leigh v. State,* 698 P.2d 936 (Okl.Cr.1985). This Court has previously promulgated the six factors of an evidentiary harpoon: 1) an experienced police officer, 2) must make a voluntary statement, 3) which is wilfully jabbed into his testimony, 4) which injects information of other crimes, 5) which is calculated to prejudice the defendant, and 6) which does in fact prejudice the defendant. *Croan v. State,* 682 P.2d 236, 238 (Okl.Cr.1984).

■ The testimony about which the appellant complains does not constitute an evidentiary harpoon. It was a statement made in direct response to the question posed, that is, it was not voluntarily injected, and did not in any way contain information of other crimes that had previously been committed by or were presently being committed by the appellant. In addition, the appellant has failed to show that he was prejudiced by this statement.

The appellant next argues that the evidence presented at trial was not sufficient to support the jury's verdict because the State failed to exclude every reasonable hypothesis other than the guilt of the appellant. It has long been the rule of this Court that convictions based entirely upon circumstantial evidence cannot be sustained unless the evidence presented excludes every reasonable hypothesis except that of guilt. *Copling v. State,* 600 P.2d 353 (Okl. Cr.1979). When the jury's verdict is based upon both direct and circumstantial evidence, the proper test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985); *Roberts v. State,* 715 P.2d 483 (Okl.Cr.1986).

■ Because the proof presented at trial consisted of both direct and circumstantial evidence, we will review the sufficiency of the evidence of this appeal under the *Spuehler* standard. Our review of the record supports the State's contention that there was sufficient evidence presented at trial from which a rational trier of fact could have found the appellant guilty of Distribution of an Imitation Controlled

Dangerous Substance. This assignment of error must therefore fail.

■ For his final assignment of error, the appellant asserts that the cumulative effect of the aforementioned errors in his Propositions I and II warrant a reversal or a modification of his judgment and sentence. An "accumulation of error" argument must be rejected where the Court finds that all of the alleged errors do not constitute errors at all. *Weatherly v. State*, 733 P.2d 1331, 1339 (Okl.Cr.1987). Thus, this final assignment of error is without merit.

Accordingly, finding no error warranting modification or reversal, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.