**Keenan Wayne JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–87–673.**

Court of Criminal Appeals of Oklahoma.

March 21, 1990.

Paula M. Henderson, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen. and Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Keenan Wayne Jones, appellant was tried by jury for the crime of Possession of a Controlled Dangerous Substance (Marihuana) With Intent to Distribute, After Former Conviction of One Felony, in the District Court of Oklahoma County, Case No. CRF–86–5576. The jury returned a verdict of guilty and set punishment at fifteen (15) years imprisonment. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant has perfected this appeal.

On October 20, 1986, at 1:40 a.m., Oklahoma City Police Officers Jack Ballard and James Aliff entered a Northeast Oklahoma City club where they were informed that persons in a brown Cadillac had been distributing marihuana in the club parking lot. The officers left the club in an attempt to locate the suspect vehicle but, when they were unable to do so, returned to the club parking lot. Thereupon, they observed appellant standing outside of a car counting money. When he spotted the officers, appellant quickly tucked the money in his hand. After noticing appellant's actions and detecting an odor of burning marihuana, Officer Ballard asked appellant to step towards him. While complying, appellant stuck his hand in his pocket. Fearing that appellant may be reaching for a weapon, the officer grabbed appellant's hand, opened it, and discovered some money and rolling papers.

Appellant was then directed to place his hand on the patrol car. Immediately thereafter, appellant attempted to run away but was caught by the officers. During the ensuing scuffle, appellant repeatedly tried to put his hands in his jacket pockets. The jacket came off in the course of the struggle. After getting appellant under control, the officers placed him under arrest for assault and battery. A subsequent search of the jacket revealed forty-one (41) hand rolled marihuana cigarettes and ten (10) clear baggies of marihuana.

After the jury found appellant guilty of Possession of a Controlled Dangerous Substance With Intent to Distribute, the State introduced the following two documents: A Judgment and Sentence on Plea of Guilty for "Count 1: Distribution of a Controlled Dangerous Substance", and a Judgment and Sentence on Plea of Guilty for "Count 2: Possession of a Firearm During Commission of a Felony". The trial court then instructed the jury, inter alia, that "POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE AFTER FORMER CONVICTION OF A FELONY is punishable by imprisonment in the State Penitentiary for a term of not less than ten (10) years." Defense counsel stipulated to the prior convictions and did not object to any of the instructions given. The jury thereafter found appellant guilty of the present offense and assessed punishment at fifteen (15) years imprisonment.

As his first assignment of error, appellant asserts that the trial court committed fundamental error in submitting the aforementioned instruction to the jury. Appellant contends that, because both of his prior felony convictions arose out of the same transaction, the State should have been limited to the use of only one of those convictions for enhancement purposes. He further agues that the prosecutor in effect

elected to use the prior distribution conviction, rather than the conviction for possession of a firearm. Therefore, he contends that the trial court erred in instructing the jury under the general habitual offender statute, 21 O.S.Supp.1985, § 51(A), and should have instructed the jury pursuant to the enhancement provisions set forth in 63 O.S.Supp.1985, § 2–401(C).

Section 2–401(C) provides that "[a]ny person convicted of a second or subsequent felony violation of the provisions of this section ... shall be punished by a term of imprisonment twice that otherwise authorized and by twice the fine otherwise authorized." It is apparent that if the present conviction was appellant's first, he would be subject to imprisonment for not less than two (2) years nor more than ten (10) years and to a fine of not more than twenty thousand dollars ($20,000) under § 2–401(C). *See* 63 O.S.Supp.1985, § 2–401(B)(2). Therefore, a subsequent violation under these provisions would have subjected appellant to not less than four (4) years nor more than twenty (20) years imprisonment and a fine of not more than forty thousand dollars ($40,000), rather than the minimum ten (10) year sentence set forth under the general habitual offender statute. On the basis of the foregoing, appellant asks this Court to modify his sentence to a term of four (4) years imprisonment.

■ We first address appellant's allegation that the State should have been limited to the use of only one of his prior convictions for enhancement purposes. In *Bickerstaff v. State*, 669 P.2d 778, 780 (Okl.Cr. 1983), this Court held that the burden is upon defendants to prove that separate convictions arose out of the same transaction or occurrence or series of events closely related in time and location. However, this burden of proof arises only when a defendant challenges the use of two or more convictions which allegedly arose out of the same transaction where his sentence has been enhanced under 21 O.S.Supp.1985, § 51(B). Section 51(B) specifically provides that "felony offenses relied upon [for enhancement] shall not have arisen out of the

same transaction or occurrence or series of events closely related in time and location." Because neither 21 O.S.Supp.1985, § 51(A), nor 63 O.S.Supp.1985, § 2–401(C), contain such language, we find that the *Bickerstaff* holding is inapplicable to the instant case. Therefore, we need not determine whether the trial court erred in permitting the State to introduce both of appellant's prior convictions at trial.

■ We next turn to appellant's assertion that the prosecution elected to use his prior conviction for distribution as the predicate offense for enhancement, thus mandating an instruction under § 2–401(C). This Court has held that when both the predicate and the new offense are drug offenses, any enhancement must be made pursuant to the provisions of the Uniform Controlled Dangerous Substances Act, 63 O.S.Supp.1985, § 2–201 et seq. *Faubion v. State*, 569 P.2d 1022, 1025 (Okl.Cr.1977). We have also held that when the new offense is a drug offense, but the predicate offense is non-drug, it is proper to enhance under the general habitual offender statute, 21 O.S.Supp.1985, § 51. *Hayes v. State*, 550 P.2d 1344, 1348 (Okl.Cr.1976). However, where an appellant is charged with both drug and non-drug predicate offenses, it is permissible to provide for enhancement under either statute. *Novey v. State*, 709 P.2d 696, 699 (Okl.Cr.1985). Under such circumstances, the prosecution must make an election as to which enhancement it wishes to pursue. *Id.*

In the present case, appellant contends that the State effectively elected to use his prior conviction for Distribution of a Controlled Dangerous Substance as the predicate felony for enhancement. He bases this argument on the fact that the prosecutor emphasized to the jury that appellant had previously been convicted of a substantially similar drug offense. We note, however, that the prosecutor also continually stated that appellant had a prior conviction for possession of a firearm. In determining which of these prior convictions the State relied upon as the predicate offense, we find it unnecessary to look beyond the enhancement instruction submitted to the

jury. A review of that instruction makes it clear that the State elected to seek enhancement under the general habitual offender statute. Because such was permissible under the circumstances of this case, we hold that appellant was properly sentenced.

 As his second assignment of error, appellant claims that the trial court abused its discretion in failing to grant a mistrial when Officer Ballard injected an evidentiary harpoon into the case. The record reveals that, during cross-examination, Officer Ballard was asked whether appellant's conduct of putting his hand into his pocket was a suspicious act. The officer answered in the affirmative. When defense counsel disputed Ballard's response, the officer stated "[t]hat's how Officer Riggs was killed." Upon further inquiry, Officer Ballard explained that his ex-partner, Officer Riggs, had been killed by a subject who had his hand in his pocket. The trial court overruled appellant's motion for mistrial and admonished the jury to disregard the statements.

The six factors which constitute an evidentiary harpoon are as follows: 1) an experienced police officer, 2) making a voluntary statement, 3) which is wilfully jabbed into his testimony, 4) which injects information of other crimes, 5) which is calculated to prejudice the defendant, 6) which does in fact prejudice the defendant. *Riley v. State*, 760 P.2d 198, 199 (Okl.Cr.1988); *Croan v. State*, 682 P.2d 236, 238 (Okl.Cr. 1984). In the present case, the officer's statements were made in direct response to defense counsel's question. Thus, they were not voluntarily injected. *Riley*, supra. They did not in any way contain information of other crimes that had been previously committed, or were presently being committed, by appellant. *Id.* Furthermore, despite appellant's argument that the statements "impl[ied] that appellant could have been a potential murderer because he tried to put his hand in his pocket", we find that appellant has failed to establish prejudice. *Id.* Accordingly, we hold that the trial court did not abuse its discretion in overruling

appellant's motion for mistrial. *See Leigh v. State*, 698 P.2d 936, 939 (Okl.Cr.1985).

Finding no error warranting modification or reversal, the Judgment and Sentence is AFFIRMED.

LANE, V.P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.