2006 OK CR 24

**Clifford A. COATES, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2005–429.

Court of Criminal Appeals of Oklahoma.

June 9, 2006.

James W. Berry, Oklahoma City, OK, attorney for defendant at trial.

Jerry Wayne Herberger, Asst. District Attorney, Duncan, OK, attorney for the State at trial.

Danny G. Lohmann, Appellate Defense Counsel, Norman, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Stephanie D. Jackson, Assistant Attorney General, Oklahoma City, OK, attorneys for State on appeal.

### SUMMARY OPINION

C. JOHNSON, Judge.

¶ 1 Appellant, Clifford Coates, was convicted in Stephens County District Court, Case No. CF 2005–56, of three (3) counts of Unlawful Distribution of Controlled Dangerous Substance (Methamphetamine) within Two Thousand Feet of a School, in violation of 63 O.S.Supp.2004, § 2–401(F), after former conviction of a felony. Jury trial was held on March 1st and 2nd, 2005, before the Honorable Joe Enos, Associate District Judge. The jury set punishment at ten (10) years imprisonment on Counts 1 and 3, and twelve (12) years imprisonment on Count 2; the jury also assessed a One Thousand Five Hundred Dollar ($1,500.00) fine on each count. The trial court sentenced Coates according to the jury's recommendation and ordered the sentences to be served consecutively. Mr. Coates then filed this appeal.

¶ 2 Mr. Coates raised five propositions of error:

1. Failing to instruct the jury that in order to be convicted of distributing a controlled substance within 2,000 feet of a school that Appellant must knowingly be distributing a controlled substance within 2,000 feet of a school turned the crime to which Appellant was charged with into a strict liability crime;

2. Mr. Coates was denied a fair trial and sentencing because of the egregious conduct of the prosecutor;

3. Failure to inform the jury that Mr. Coates would serve 85% of the sentence assessed before being considered for parole resulted in an excessive sentence;

4. The trial errors cumulatively deprived Mr. Coates of a fair trial and reliable verdicts; and,

5. The sentence imposed was so disproportionate and excessive under the circumstances of this case that it should shock the conscience of this Court.

After thorough consideration of the propositions raised, the Original Record and Transcripts, and the arguments and Briefs of the parties, we find Mr. Coates's convictions and sentences should be affirmed, but the fines imposed on each Count vacated, for the reasons set forth below.

¶ 3 The trial court did not err when it refused to instruct the jury that a defendant must know he is within two thousand feet (2,000) of a school for a conviction under 63 O.S.Supp.2004, § 2–401(F). The statute in question does not contain a specific *mens rea* requirement and the plain language of the statute suggests that the *actus reus* of the offense is the distribution itself, not where the distribution occurs. Accordingly, the statute only requires the State to prove the defendant intended to distribute the drugs *somewhere* and additional proof that the distribution occurred within two thousand (2,000) feet of a school acts as an aggravator and provides an enhanced penalty for distributing drugs within the vicinity of a school. *United States v. Harris*, 313 F.3d 1228, 1239 (10th Cir.2002).[1] Accordingly, no relief is required on this proposition.

¶ 4 The complained of prosecutorial argument, in Proposition Two, also does not warrant relief. Although it arguably related to societal concerns surrounding methamphetamine, this single comment was not so grossly unwarranted and egregious as to have affected Mr. Coates's right to a fair trial. *Ullery v. State*, 1999 OK CR 36, ¶ 40, 988 P.2d 332, 351 (we will grant relief on a claim of prosecutorial misconduct only where grossly improper and unwarranted argument effects a defendant's rights).

¶ 5 We find plain error did not occur as a result of the trial court's failure to inform the jury of the 85% rule. *Pickens v. State*, 2001 OK CR 3, ¶ 32, 19 P.3d 866, 878 (failure to request instructions waives review for all but plain error). Although this Court recently ruled in *Anderson v. State*, 2006 OK CR 6, ¶¶ 22–23, 130 P.3d 273, 281–282, that juries should be instructed on the 85% rule, such an instruction was not required in this case. Coates's sentence was enhanced with a prior conviction obtained under a different statute. The specific enhancement provision for 63 O.S.Supp.2004, § 2–401(F) for a second or subsequent offense applies to those cases where the prior offense(s) was for a violation of the same statute. Accordingly, the general enhancement provision found at 21 O.S.Supp.2002, § 51.1(A)(2) was applicable and it does not contain the 85% language at issue in *Anderson*.

¶ 6 Review of the sentencing instruction shows that the jury was correctly instructed on the range of punishment applicable to a conviction for Distribution of Controlled Dangerous Substance within 2000 Feet of a School after one (1) previous conviction. However, that portion of the instruction which informed the jury it could impose "a fine of not more than Forty Thousand Dollars ($40,000.00)" was a misstatement of the law and should not have been given the jury. When a defendant is

---

1. Other federal jurisdictions have reached the same conclusion: *United States. v. Ortiz*, 146 F.3d 25, 28–30 (1 st Cir.1998); *United States v. Falu*, 776 F.2d 46, 50 (2 nd Cir.1985); *United States v. Holland*, 810 F.2d 1215, 1222–1224 (D.C.Cir.1987); *United States v. Rodriguez*, 961 F.2d 1089, 1090–1095 (3d. Cir.1992); *United States v. Wake*, 948 F.2d 1422, 1429–1434 (5th Cir.1991); *United States v. Lloyd*, 10 F.3d 1197, 1218 (6th Cir.1993); *United States. v. Hohn*, 8 F.3d 1301, 1307 (8th Cir.1993). Other states have also reached the same conclusion: *Smiley v. State*, 138 Md.App. 709, 773 A.2d 606, 610–611 (Ct.Spec.App.2001); *State v. Ivory*, 124 N.J. 582, 592 A.2d 205, 210 (1991); *Boddie v. U.S.*, 865 A.2d 544, 553 (D.C.2005); *State v. Swafford*, 20 Kan.App.2d 563, 890 P.2d 368, 372 (1995).

convicted of a drug offense and his sentence is enhanced pursuant to 21 O.S.Supp.2002, § 51.1, the fine provided in the substantive drug statute may not be additionally imposed. *State v. Claborn,* 1994 OK CR 8, ¶ 25, 870 P.2d 169, 174; *Mitchell v. State,* 1987 OK CR 13, ¶ 2, 733 P.2d 412, 416 (*Order on rehearing* ). The jury was not properly instructed on the amount of fine which could be assessed, and as a result, we find the fines imposed on each Count should be vacated.

¶ 7 No relief is required on Coates's claim that the trial errors cumulatively deprived him of a fair trial and a reliable verdict. *Lockett v. State,* 2002 OK CR 30, ¶ 43, 53 P.3d 418, 431 (when there have been numerous irregularities during the course of the trial that tend to prejudice the rights of the defendant, reversal will be required if the cumulative effect of all the errors was to deny the defendant a fair trial). Although the prosecutor's argument may have invoked societal alarm, we found the isolated comment could not have affected the jury's imposition of sentence and it did not deprive Coates of a fair trial. The only other error identified related to the imposition of fines and because we vacate the fines imposed, no further relief is required. While both of these irregularities occurred during the second stage of trial, even when considered together, we do not believe they were so egregious as to have denied Coates a fair second stage proceeding. *Salazar v. State,* 1998 OK CR 70, ¶ 48, 973 P.2d 315, 329.

¶ 8 Lastly, we find the sentences imposed, even run consecutively, are not so excessive as to shock the conscience of the Court. *Rea v. State,* 2001 OK CR 28, ¶ 5, 34 P.3d 148, 149 (rejecting the proportionality standard of review and maintaining the "shock the conscience" standard of review for claims of excessive sentence). The terms of imprisonment imposed fell within the applicable statutory range of punishment. *See* 63 O.S.Supp.2004, § 2–401(F), 21 O.S.Supp.2002, § 51.1(A)(2). The trial court did not abuse its discretion when it ordered the sentences to run consecutively. *Birdine v. State,* 2004 OK CR 7, ¶ 7, 85 P.3d 284, 286 (decision to run sentences consecutively or concurrently lies within the trial court's discretion).

### DECISION

Appellant's convictions and sentences for three (3) Counts of Distribution of Controlled Dangerous Substance (methamphetamine) within Two Thousand (2,000) Feet of a School, in violation of 63 O.S.Supp.2004, § 2–401(F), after former conviction of a felony, from Stephens County District Court, Case No. CF 2005–56, are hereby **AFFIRMED**, but the fines imposed for each Count are hereby **VACATED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. 2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON and LEWIS, JJ.: concurs.

CHAPEL, P.J. and LUMPKIN, V.P.J.: concurs in results.