2016 OK CR 2

**Edwin Jermaine DANIELS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2014–595.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 2016.

Scott Goode, Gregg Graves, Assistant Public Defenders, Tulsa, OK, attorneys for defendant at trial.

Ben Fu, Kali Strain, Assistant District Attorneys, Tulsa, OK, attorneys for the State at trial.

Richard Couch, Assistant Public Defender, Tulsa, OK, attorneys for appellant on appeal.

E. Scott Pruitt, Attorney General, Joshua L. Lockett, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

LEWIS, Judge.

¶1 Edwin Jermaine Daniels, Appellant, was convicted of, count one, first degree malice murder in violation of 21 O.S.Supp.2012, § 701.7, count two, shooting with intent to kill in violation of 21 O.S.2011, § 652(A), in Tulsa County district court case number CF–2012–3490, before the Honorable James M. Caputo, District Judge. The jury set punishment at life imprisonment on counts one and two, with a $10,000.00 fine on count two. The trial court sentenced accordingly ordering that the sentences be served consecutively.[1] Daniels perfected an appeal to this

1. Daniels must serve 85% of the sentences rendered for first degree murder and shooting with

Court and raises the following propositions of error.

1. The trial court committed plain error by instructing the jury that a $10,000.00 fine was mandatory upon conviction in count two in addition to imprisonment.

.2. The trial court committed plain error in not giving a jury instruction on credibility of informers as to State's witness Damario Adams.

3. The appellant was deprived of effective assistance of counsel.

4. Prosecutorial misconduct during closing argument deprived Appellant of a fair trial.

¶2 After thorough consideration of Daniels' propositions of error and the entire record before us on appeal, including the original record, transcripts, exhibits and briefs, we have determined that the judgments and sentences of the district court shall be affirmed. A recitation of the facts is unnecessary to the resolution of the issues in this case.

¶3 In reaching our decision, with regard to instructional issues raised in propositions one and two, there were no requests for or objections to the specific instructions at issue here, thus we review for plain error only. Barnard v. State, 2012 OK CR 15, ¶34, 290 P.3d 759, 769. Plain errors are those errors which are obvious in the record, and which affect the substantial rights of the defendant; that is to say that the error affects the outcome of the proceeding. Hogan v. State, 2006 OK CR 19, ¶38, 139 P.3d 907, 923; Simpson v. State, 1994 OK CR 40, ¶30, 876 P.2d 690, 700–01.

¶4 In reviewing the instructions to the jury, this Court will not reverse on instructional error unless the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. 20 O.S.2011, § 3001.1; Carter v. State, 2006 OK CR 42, ¶5, 147 P.3d 243, 244, (citing Ashinsky v. State, 1989 OK CR 59, ¶20, 780 P.2d 201, 207). Moreover, this

intent to kill. 21 O.S.2011, § 13.1.

Court will not reverse based on a faulty jury instruction, provided the instructions, as a whole, accurately state the applicable law. *Postelle v. State*, 2011 OK CR 30, ¶ 38, 267 P.3d 114, 132.

¶ 5 Specifically, in proposition one the trial court's instruction informed the jury that the punishment for shooting with intent to kill was punishable with a fine up to $10,000.00, in addition to imprisonment. The instruction did not mandate a $10,000.00 fine as Appellant argues; however, the instruction did, incorrectly, mandate a fine.

¶ 6 The fine for shooting with intent to kill is found in 21 O.S.2011, § 64, which permits a fine up to $10,000.00, because the specific shooting with intent to kill statute contains no fine provision. Section 64 provides that in a felony case, where "no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed." 21 O.S.2011, § 64. Accordingly, the fine is not mandatory, and a proper instruction should have read,

> The crime of SHOOTING WITH INTENT TO KILL is punishable by imprisonment in the state penitentiary not exceeding life. In addition, you may also impose a fine not exceeding ten thousand ($10,000.00) dollars.

¶ 7 In this case, the jury chose to give the maximum $10,000.00 fine, when they could have rendered much less. We find, therefore, that the instructional error in this case did not result in a miscarriage of justice or violate Appellant's rights, as a proper instruction would not have changed the rendering of the fine in this case. No relief is required.

¶ 8 In proposition two, we find that the trial court gave the general instruction on the credibility of witnesses, OUJI–CR 2d 10–8 (2000 Supp.) Witness Adams might have given a statement to the police as an informer, but at trial he was under no obligation to testify in exchange for leniency, personal advantage, or immunity. The jury was fully aware of Adams' credibility issues, and trial counsel challenged his credibility vigorously. In this case, the general credibility instruc-

tion gave sufficient guidance to the jury. The failure to give the additional instruction on the credibility of informers did not result in a miscarriage of justice, nor did it constitute a substantial violation of a constitutional or statutory right. 20 O.S.2011, § 3001.1; *Carter*, 2006 OK CR 42, ¶ 5, 147 P.3d at 244. No relief, therefore, is required.

¶ 9 In proposition three, we find that Appellant must show that counsel's conduct was outside the wide range of professionally competent assistance. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). An appellant must also show that he was prejudiced by showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

¶ 10 Appellant cannot show that he was prejudiced by the failure of counsel to preserve for review the alleged instructional errors outlined in propositions one and two, by either objecting to instructions given or requesting additional instructions. He cannot show a reasonable probability that the outcome of the proceeding would have been different had counsel requested proper instructions.

¶ 11 Appellant also claims in this proposition that counsel failed to secure, review, and utilize a video recording of witness Adams' statement to police. Appellant has requested a Rule 3.11 evidentiary hearing based on this failure. However, Appellant has not shown that this recording actually exists, and, if it does, that there is any information helpful to his case. There is no evidence that counsel was ineffective, as appellate counsel has not provided this Court with any evidence. This portion of the proposition must be denied and the motion for an evidentiary hearing is also denied. Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016).

¶ 12 Appellant has not shown that he was deprived of constitutionally required effective

assistance of counsel; thus, this proposition must be denied.

¶ 13 We find in proposition four, that " '[a]llegations of prosecutorial misconduct do not warrant reversal of a conviction unless the cumulative effect was such [as] to deprive the defendant of a fair trial.' " *Warner v. State,* 2006 OK CR 40, ¶ 197, 144 P.3d 838, 891, quoting *Short v. State,* 1999 OK CR 15, ¶ 80, 980 P.2d 1081, 1105. Here, the comments of the prosecutor did not deprive Appellant of a fair trial. Thus no relief is required.

## DECISION

¶ 14 The Judgments and Sentences of the district court are **AFFIRMED.** Appellant's application for an evidentiary hearing and motion to supplement the record is **DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2016), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, V.P.J. and HUDSON, J.: concur.

SMITH, P.J. and JOHNSON, J. concur in results.