BIVENS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BIVENS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BIVENS v. STATE
2018 OK CR 33
Case Number: F-2017-259
Decided: 10/11/2018
BYRON JEROME BIVENS, Appellant v. STATE OF OKLAHOMA, Appellee.
Cite as: 2018 OK CR 33, __ __

 

 



S U M M A R Y O P I N I O N 




LUMPKIN, PRESIDING JUDGE:


¶1 Appellant Byron Jerome Bivens was tried by jury and convicted of Trafficking in Illegal Drugs (Count I) (63 O.S.Supp.2014, § 2-415); Possession of a Controlled Dangerous Substance (Count II) (63 O.S.Supp.2012, § 2-402); Unlawful Possession of Drug Paraphernalia (Count III) (63 O.S.2011, § 2-405); and Possession of a Dangerous Drug Without a Prescription (Count IV) (59 O.S.2011 § 353.24(7), all counts After Former Conviction of Two or More Felonies, in the District Court of Blaine County, Case No. CF-2015-97. The jury recommended as punishment fifty (50) years in prison and a $500,000.00 fine in Count I, and one (1) year in prison and a $1,000.00 fine in each of Counts II, III and IV. The trial court sentenced accordingly, ordering the sentences to run concurrently. It is from this judgment and sentence that Appellant appeals.

¶2 Appellant raises the following propositions of error in support of his appeal:

I. The State's evidence in case No. CF-2015-97 was insufficient to convict Appellant of Counts I-IV.

II. Appellant's separate convictions for Possession of a Controlled Dangerous Substance in Counts I, II and IV violate his constitutional protection against Double Punishment and Double Jeopardy.

III. Appellant's Fourteenth Amendment due process rights pursuant to the United States Constitution were violated when the jury was erroneously instructed as to the range of punishment for Trafficking methamphetamine in excess of 200 grams.

IV. Prosecutorial misconduct deprived Appellant of a fair trial as guaranteed by the United States and Oklahoma Constitutions and caused the jury to render an excessive sentence.

V. The trial court committed fundamental error by failing to instruct the jury on the lesser-related offense of Possession of Controlled Drug with the Intent to Distribute, in violation of Appellant's right to due process and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, §§ 7 and 20 of the Oklahoma Constitution.

VI. The trial court committed fundamental error by not instructing the jury that Appellant would be ineligible for good time credits.

VII. The trial court failed to properly instruct the jury that Appellant would receive additional punishment of methamphetamine registration if found guilty.

VIII. Alternatively, reversal is required because any failure to adequately and completely preserve issues for review in this Court was the result of the ineffective assistance of counsel.

IX. Appellant's sentence is excessive.

X. The cumulative effect of all the errors addressed above deprived Appellant of a fair trial.

¶3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we find that under the law and the evidence no relief is warranted.

¶4 On July 19, 2015, Appellant was a passenger in a pickup detained for a traffic stop by an officer from the Watonga Police Department. The driver was unable to produce a driver's license or vehicle registration. A warrant check returned an outstanding warrant for the back seat passenger. As the traffic stop progressed, all four occupants of the pickup acted nervous but Appellant particularly so. Appellant was constantly on his phone, had an odor of alcohol about him, and was the only occupant to repeatedly get in and out of the truck. Appellant appeared particularly upset when the officer advised the occupants that the driver was to be arrested and the pickup impounded. Appellant refused to leave the scene and remained by the driver's side door. During the ensuing inventory of the pickup, Appellant asked for a bag of tools lying on the front passenger floorboard. When asked if the bag of tools belonged to him, Appellant replied no. His request was refused. Appellant attempted to persuade the officers to allow him to move the pickup. This request was also refused. Appellant eventually complied with the officers' directives to leave the scene.

¶5 The inventory of the pickup yielded the tool bag, an orange power tool and a bottle of vodka in the front passenger floorboard. Underneath the front passenger seat was found a black nylon bag containing $280.00 cash, a silver spoon containing a crystal like residue, a digital scale with residue, and three clear baggies of a white, crystal-like substance which tested as methamphetamine in quantities of 205.01 grams, 13.13 grams and 2.91 grams. Also found inside the nylon bag were 3 baggies of a green leafy substance that tested as marijuana in the quantities of 4.25 grams, 0.43 grams, and 0.91 grams. A small jewelry bag was also found containing 10 tablets which tested to be Xanax. Three days later an arrest warrant was obtained for Appellant and he was taken into custody.

¶6 In Proposition I, Appellant challenges the sufficiency of the evidence to support his convictions arguing the State failed to prove he knowingly participated in the crimes. Appellant argues he was only one of four people in the truck and his mere proximity to the bag of drugs is insufficient to connect him to possession of the drugs.

¶7 We review Appellant's challenge to the sufficiency of the evidence supporting his convictions in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Davis v. State, 2011 OK CR 29, ¶ 74, 268 P.3d 86, 111. This Court will accept all reasonable inferences and credibility choices that tend to support the verdict. Id. It is the exclusive province of the trier of fact to weigh the evidence and determine the facts. Rutan v. State, 2009 OK CR 3, ¶ 49, 202 P.3d 839, 849.

¶8 Each of the offenses Appellant was convicted of committing contains an element of knowing and intentional possession. See 63 O.S.Supp.2014, § 2-415 (Trafficking); 63 O.S.Supp.2012, § 2-402 (Possession of a Controlled Dangerous Substance); 63 O.S.2011, § 2-405 (Unlawful Possession of Paraphernalia) and 59 O.S.2011 § 353.24(7) (Possession of a Dangerous Drug Without a Prescription). When an accused is not apprehended while in physical custody of contraband, proof of the knowledge and control necessary to justify an inference of possession (i.e., constructive possession) can be and usually is circumstantial. Johnson v. State, 1988 OK CR 246, ¶ 6, 764 P.2d 530, 532.

¶9 Proof of knowing possession of drugs is often solely circumstantial, and thus requires that guilt be determined through a series of inferences. Id. Even in the absence of proof of possession and exclusive control, constructive possession may still be proven if "there are additional independent factors showing [the accused's] knowledge and control." Id. Such independent factors may consist of "incriminating conduct by the accused, ... or any other circumstance from which possession may be fairly inferred." Id. Possession may be individual or joint, actual or constructive. White v. State, 1995 OK CR 15, ¶ 6, 900 P.2d 982, 986. "[J]oint possession can be proven by circumstantial evidence of dominion and control over the thing possessed." Id. Possession need not be exclusive "as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance." Id. 

¶10 Contrary to Appellant's claim, the evidence in this case shows much more than his mere proximity to the drugs. The evidence, taken as a whole, supports the inference that Appellant knew the bag of drugs was under the front passenger seat where he had been sitting, next to the very visible tool bag. His attempts to either get inside the truck to retrieve the bag or move the truck and retrieve the bag or merely create a diversion set him apart from the conduct of the other occupants of the truck. Reviewing the evidence in the light most favorable to the State, we find any rational trier of fact could have found beyond a reasonable doubt that Appellant knowingly and intentionally committed the charged crimes.

¶11 In Proposition II, we review for plain error Appellant's claims of double punishment and double jeopardy. Head v. State, 2006 OK CR 44, ¶ 9, 146 P.3d 1141, 1144. Under the plain error test set forth in Simpson v. State, 1994 OK CR 40, 876 P.2d 690, we determine whether Appellant has shown an actual error, which is plain or obvious, and which affects his or her substantial rights. This Court will only correct plain error if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings or otherwise represents a miscarriage of justice. Id. See also Jackson v. State, 2016 OK CR 5, ¶ 4, 371 P.3d 1120, 1121; Levering v. State, 2013 OK CR 19, ¶ 6, 315 P.3d 392, 395; Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.

¶12 Appellant's convictions in Counts I, II and IV are not barred by the statutory prohibition against double punishment, 21 O.S.2011, § 11(A), or the constitutional prohibition against double jeopardy. See Sanders v. State, 2015 OK CR 11, ¶¶ 5-8, 358 P.3d 280, 283-284. Appellant was charged and convicted of violating three separate statutes - 63 O.S.Supp.2014, § 2-415; 63 O.S.Supp.2012, § 2-402, and 59 O.S.2011 § 353.24(7). Each offense contains different elements. As each offense required proof of a fact which the other did not, and given the differences between the statutes involved, we find no legislative intent to treat the offenses as parts of a single criminal transaction for punishment purposes.

¶13 Further, under a traditional double jeopardy analysis, Appellant's convictions were for three separate and distinct offenses requiring dissimilar proof. See Logsdon v. State, 2010 OK CR 7, ¶ 19, 231 P.3d 1156, 1165 (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)). Therefore, any double jeopardy claim fails. Finding no error, we find no plain error.

¶14 In Proposition III, Appellant contends his due process rights were violated by the trial court incorrectly instructing the jury on the range of punishment and provisions for a fine in Count I, Trafficking, After Former Conviction of Two or More Felonies. Our review is for plain error under the standard set forth above as Appellant neither requested his own instructions nor objected to those given. Watts v. State, 2008 OK CR 27, ¶ 9, 194 P.3d 133, 136-137.

¶15 While Appellant had both drug related and non-drug related prior convictions, the record indicates the State relied on all six prior convictions to enhance his sentence under the provisions of the Habitual Offender Act, 21 O.S.2011, § 51.1. See Jones v. State, 1990 OK CR 17, ¶ 8, 789 P.2d 245, 247 ("where an appellant is charged with both drug and non-drug predicate offenses, it is permissible to provide for enhancement under either statute"). Therefore, the jury was correctly instructed that the range of prison time for a conviction of Trafficking, After Former Conviction of Two or More Felonies, is twelve (12) years to life. See McIntosh v. State, 2010 OK CR 17, ¶ 9, 237 P.3d 800, 803 ("[w]hen the two year sentence provided by § 2-401(B)(2) is doubled under section 2-415(D), as required for a trafficking offense, and then tripled under 21 O.S.Supp.2002, § 51.1(C) for McIntosh's three prior felony convictions, the correct minimum sentence in McIntosh's case should have been twelve years").

¶16 Appellant notes that the Habitual Offender Act does not include provisions for a fine, therefore the reference to a fine in the jury instruction was error. He is correct in that § 51.1 does not address fines. In Coates v. State, 2006 OK CR 24, ¶ 6, 137 P.3d 682, 685 this Court held that a sentence enhanced under § 51.1 may not include the additional imposition of any fine imposed in the substantive drug statute. The State argues we should not extend the holding in Coates to the present case to invalidate the fine as the underlying substantive penal statute, Trafficking in Illegal Substances, 63 O.S.2011, § 2-415(D) specifically provides for the imposition of a fine in addition to incarceration and as Coates is not a Trafficking case.

¶17 Statutory amendments enacted since Coates have rendered unworkable Coates and its predecessors holding that "[p]unishment may not be assessed by combining statutes, but must fall within the limitations of one statute only." See Gaines v. State, 1977 OK CR 259, ¶ 16, 568 P.2d 1290, 1294. Since we handed down Coates, the Legislature has amended 63 O.S.2011, § 2-415(D), to provide that the term of imprisonment imposed for Trafficking shall be "in addition to any fines" specified by subsection 2-415(D). Sentencing Appellant as a habitual offender under § 51.1 does not render subsection 2-415(D) somehow inapplicable. There is no indication in § 51.1 that the absence of any language regarding fines is to be interpreted as a prohibition against the imposition of fines proscribed in other penal statutes.

¶18 Further, nothing in our constitution or other statutory provisions dictates the holding in Coates and Gaines that it is improper to combine two penal statutes to determine the imposition of a fine when a defendant is subject to the Habitual Offender Act or some other enhanced sentence of imprisonment. In fact, the general rule is that when two different statutes regulate the same subject matter, both provisions are to be given effect, as long as such effect would not defeat the intent of the Legislature. Livingston v. State, 1990 OK CR 40, ¶ 10, 795 P.2d 1055, 1058. Clearly, the Legislature intended for those punished under the Habitual Offender Act to be punished more harshly than first time offenders. Eliminating the fine provision from those sentenced as Habitual Offenders (and requiring only incarceration) while leaving the fine provision intact, and in addition to incarceration, for first time offenders is surely not what the Legislature intended by enacting § 51.1.

¶19 The substantive drug statute in Coates (Distribution of Controlled Dangerous Substance within 2000 Feet of a School) and statutes in similar cases, neither impose a mandatory minimum fine nor state that the fine shall be imposed in addition to other punishment. However, the Trafficking statute, 63 O.S.2011, § 2-415, specifically allows for the imposition of a fine in addition to other punishment. We find no error in the trial court's instruction in this case on the imposition of a fine on a sentence enhanced under § 51.1 when the underlying substantive penal statute, 63 O.S.2011, § 2-415(D) specifically includes provisions for a fine and states the fine shall be imposed in addition to other punishment provided by law.[1] To the extent Coates and its predecessors prohibit the imposition of a statutorily authorized fine in the sentencing of a habitual offender under § 51.1, those cases are hereby overruled. We find no error and thus no plain error in the instruction given to the jury in this case.

¶20 In Proposition IV, we have reviewed Appellant's claims of prosecutorial misconduct for plain error under the standard set forth above as none of the alleged instances were met with contemporaneous objections. Malone v. State, 2013 OK CR 1, ¶ 40, 293 P.3d 198, 211.

¶21 We evaluate alleged prosecutorial misconduct within the context of the entire trial, considering not only the propriety of the prosecutor's actions, but also the strength of the evidence against the defendant and the corresponding arguments of defense counsel. Sanders, 2015 OK CR 11, ¶ 21, 358 P.3d at 286. We have long allowed counsel for the parties a wide range of discussion and illustration in closing argument. Id. We will reverse the judgment or modify the sentence only where grossly improper and unwarranted argument affects a defendant's rights. Id. Having thoroughly reviewed the challenged comments in this case, we find the prosecutor's conduct was not so improper or prejudicial so as to have infected the trial so that it was rendered fundamentally unfair.

¶22 Contrary to Appellant's claims, the prosecutor's comments did not shift the burden of proof or misstate the law of drug possession and drug trafficking. The prosecutor's comments did not constitute "societal alarm" as they did not refer to the crime rate in general, crimes committed by others, or deterring others from committing crimes. See McElmurry v. State, 2002 OK CR 40, ¶ 151, 60 P.3d 4, 34. The prosecutor's opinion as to punishment was permissible, Bernay v. State, 1999 OK CR 37, ¶ 65, 989 P.2d 998, 1014, and he appropriately refrained from giving an opinion as to guilt, Bryson v. State, 1994 OK CR 32, ¶ 45, 876 P.2d 240, 257; Tart v. State, 1981 OK CR 113, ¶¶ 5-6, 634 P.2d 750, 751. Generally the prosecutor's comments were proper statements of the law and based on the evidence before the jury. Any misstatements were minor and not sufficient to warrant relief. We find no error and no plain error.

¶23 In Proposition V, we review the trial court's failure to sua sponte instruct the jury on the lesser included/lesser related offense of Possession of Controlled Dangerous Substance with Intent to Distribute for plain error under the standard set forth above. Daniels v. State, 2016 OK CR 2, ¶ 3, 369 P.3d 381, 383.

¶24 The proper test for determining whether instructions on a lesser related or lesser included offense are required involves a two part analysis which first requires courts to make a legal determination about whether a crime constitutes a lesser included offense of the charged crime. Davis v. State, 2011 OK CR 29, ¶ 101, 268 P.3d 86, 115, citing Shrum v. State, 1999 OK CR 41, ¶ 7, 991 P.2d 1032, 1035. The court then must determine whether prima facie evidence of the lesser offense has been presented. Id. Sufficient evidence to warrant a lesser included offense is evidence which would allow a jury rationally to find the accused guilty of the lesser offense and acquit him of the greater. Id. Here, Appellant fails to meet the first step of the analysis as the crime of Possession with Intent to Distribute is not a legally recognized lesser included or lesser related offense to the crime of Trafficking. Dufries v. State, 2006 OK CR 13, ¶ 20, 133 P.3d 887, 891 citing Ott v. State, 1998 OK CR 51, ¶ 13, 967 P.2d 472, 477. Therefore, we find no error and thus no plain error in the absence of the instruction.

¶25 In Proposition VI, we review for plain error the trial court's failure to sua sponte instruct the jury on institutional earned credits. See Daniels, 2016 OK CR 2, ¶ 3, 369 P.3d at 383. In Watts, 2008 OK CR 27, ¶ 9, 194 P.3d at 137 we found no plain error in the omission of an instruction on the defendant's ineligibility for some institutional earned credits to reduce his prison sentence as such an instruction would introduce highly speculative factors into jury sentencing decisions. Appellant's arguments to the contrary are not persuasive. We find no error and thus no plain error in the absence of the instruction.

¶26 In Proposition VII, Appellant contends the trial court erred by failing to instruct the jury sua sponte that if convicted, he would be subject to the Oklahoma Methamphetamine Registry Act. Appellant asserts this is additional punishment and the failure to make the jury aware of the additional punishment is a denial of his due process rights.

¶27 "[T]rial courts have a duty to instruct the jury on the salient features of the law raised by the evidence with or without a request." Hogan v. State, 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923. Here, our review is for plain error as no request was made for such an instruction nor was an objection raised to the absence of the instruction. Daniels, 2016 OK CR 2, ¶ 3, 369 P.3d at 383.

¶28 The Oklahoma Methamphetamine Registry Act, 63 O.S.Supp.2013, § 2-701, establishes a registry of persons convicted of various methamphetamine crimes, and applies to all persons convicted after November 1, 2010, and all persons on probation for any specified offense as of that date. See Wolf v. State, 2012 OK CR 16, ¶ 3, 292 P.3d 512, 514. Upon conviction, the district court clerk is required to send the name of the offender to the Oklahoma State Bureau of Narcotics and Dangerous Drugs (OSBNDD), which maintains the registry. A person subject to the registry is prohibited from buying pseudoephedrine. Every pharmacist or other person who sells, manufactures or distributes pseudoephedrine must check the registry at each purchase, and deny the sale to any person on the list. Id. Appellant has not cited to any authority where a uniform instruction on the Oklahoma Methamphetamine Registry Act has been created or required to be given to the jury.[2]

¶29 The State directs us to Reed v. State, 2016 OK CR 10, 373 P.3d 118 and argues the reasoning used there to find a jury instruction on the Sex Offender Registration Act is not required is applicable to an instruction on the Oklahoma Methamphetamine Registry Act. We agree and find the reasoning used in Reed applicable to the present case.

 

¶30 The requirements of the Oklahoma Methamphetamine Registry Act were not part of the range of punishment for Appellant's offense nor did any statutory provision permit a judge or a jury to impose, delay, alter, or suspend registration and no provision within the Oklahoma Methamphetamine Registry Act authorizes a sentencing judge or jury to require or preclude compliance with the Act. As we found with the Sex Offender Registration Act, the Oklahoma Methamphetamine Registry Act is a regulatory scheme that is entirely separate and distinct from the applicable punishment range. See Reed, 2016 OK CR 10, ¶ 17, 373 P.3d at 123.

¶31 Further, it is not analogous to the 85% Rule as registration pursuant to the Oklahoma Methamphetamine Registry Act has no bearing on the issue of guilt or the actual term of imprisonment or fine imposed. Thus, registration pursuant to Oklahoma Methamphetamine Registry Act is not a material consequence of sentencing and is a collateral matter outside the jury's purview. Registration pursuant to Oklahoma Methamphetamine Registry Act is not a salient feature of the law in drug cases upon which trial courts have a duty to instruct. Finding no error in the absence of a jury instruction on the Oklahoma Methamphetamine Registry Act, we find no error and thus no plain error.

¶32 In Proposition VIII, we review Appellant's claims of ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show that counsel was ineffective, Appellant must show both deficient performance and prejudice. Goode v. State, 2010 OK CR 10, ¶ 81, 236 P.3d 671, 686 citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. See also Marshall v. State, 2010 OK CR 8, ¶ 61, 232 P.3d 467, 481. In Strickland, the Supreme Court said there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct, i.e., an appellant must overcome the presumption that, under the circumstances, counsel's conduct constituted sound trial strategy. Goode, 2010 OK CR 10, ¶ 81, 236 P.3d at 686. To establish prejudice, Appellant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at ¶ 82, 236 P.3d at 686.

¶33 As addressed in this opinion, trial counsel failed to object to the allegations of error raised in Propositions II, III, IV, V, VI and VII. However, counsel's failures to raise objections did not prevent this Court from thoroughly reviewing the allegations of error under the plain error standard. In each instance none of the alleged errors were sufficient to warrant relief. Therefore, any trial objections raised by counsel would have been overruled. We have previously held that trial counsel will not be found ineffective for failing to raise objections which would have been overruled. Eizember v. State, 2007 OK CR 29, ¶ 155, 164 P.3d 208, 244. Further, as none of the allegations warrant relief on appeal, Appellant has failed to show how he was prejudiced by counsel's omissions. Appellant has failed to meet his burden of showing a reasonable probability that, but for any unprofessional errors by counsel, the result of the trial would have been different. Accordingly, we find that Appellant was not denied the effective assistance of counsel.

¶34 In Proposition IX, Appellant argues that his fifty (50) year sentence is excessive. The question of excessiveness of punishment must be determined by a study of all the facts and circumstances of each case. Rackley v. State, 1991 OK CR 70, ¶ 7, 814 P.2d 1048, 1050. Where the punishment is within the statutory limits the sentence will not be disturbed unless under all the facts and circumstances of the case it is so excessive as to shock the conscience of the Court. Pullen v. State, 2016 OK CR 18, ¶ 16, 387 P.3d 922, 928. Considering all the facts and circumstances of Appellant's case, his sentence is not so excessive as to shock the conscience of the Court.

¶35 In Proposition X, Appellant argues the accumulation of errors denied him a fair trial. This Court has held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by Appellant. Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 315; Lott v. State, 2004 OK CR 27, ¶ 166, 98 P.3d 318, 357. As we have found no error in the allegations raised herein, we find no cumulative error.

DECISION

¶36 The JUDGMENT and SENTENCE is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF BLAINE COUNTY
THE HONORABLE PAUL K. WOODWARD, DISTRICT JUDGE

 



 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 
 SILAS R. LYMAN
 1800 W. MEMORIAL RD.,
 STE. 106
 OKLAHOMA CITY, OK 73131
 COUNSEL FOR DEFENDANT
 
 
 
 KATRINA CONRAD-LEGLER
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 
 MICHAEL J. FIELDS
 DISTRICT ATTORNEY
 BARRY RETHERFORD
 ASST. DISTRICT ATTORNEY
 212 N. WEIGLE
 WATONGA, OK 73772
 COUNSEL FOR THE STATE
 
 
 
 MIKE HUNTER
 ATTORNEY GENERAL
 OF OKLAHOMA
 SHERI M. JOHNSON
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST ST.
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR THE STATE
 
 
 



 

 


OPINION BY: LUMPKIN, P.J.
LEWIS, V.P.J.: Concur
HUDSON, J.: Concur in Result
KUEHN, J.: Concur in Result
ROWLAND, J.: Concur



FOOTNOTES


[1] This is not the first time we have declined to extend Coates. In Land-Cooper v. State, Case No. F-2015-1139, opinion not for publication (Feb. 28, 2017) we declined to extend the holding of Coates to invalidate a fine clearly authorized by the Legislature in 63 O.S.2011, § 2-415 where the defendant's sentence was enhanced under § 51.1.



[2] Appellant's reliance on Wolf is misplaced as it did not address the jury instruction issue, rather the holding in Wolf found Subsections (B) and (H) of Section 2--701 unconstitutional as violating the defendant's due process rights to notice. 2012 OK CR 16, ¶ 18, 292 P.3d at 518.




 


 



HUDSON, JUDGE: CONCUR IN RESULTS


¶1 I concur in the results of today's decision. However, I disagree with the manner in which the Court resolves Proposition V. The Majority utilizes a two-step approach that begins with the "elements" test to determine whether Possession with Intent to Distribute is a lesser related offense of Trafficking in this case. However, in Shrum v. State, 1999 OK CR 41, 991 P.2d 1032, this Court adopted the "evidence" test after carefully considering the advantages and disadvantages of both the "elements" and "evidence" tests. Id., 1999 OK CR 41, ¶ 10, 991 P.2d at 1036. The Majority's approach erroneously alters this Court's binding legal precedent and confuses the issue for the bench, bar and public. Whether a lesser related offense instruction is warranted is a fact dependent issue, and hence, must be decided on a case by case basis. State v. Tubby, 2016 OK CR 17, ¶ 1, 387 P.3d 918, 922 (Hudson, J., Specially Concurring). The pivotal question being whether evidence was presented that "would allow a jury rationally to find the accused guilty of the lesser offense and acquit him on the greater." Tryon v. State, 2018 OK CR 20, ¶ 66, 423 P.3d 617, 638 ("trial court should instruct on any lesser form of [offense] supported by the evidence").

¶2 Reviewing for plain error in this case, the Court should look to "whether the evidence might allow a jury to acquit the defendant of the greater offense and convict him of the lesser." Harris v. State, 2004 OK CR 1, ¶ 50, 84 P.3d 731, 750. Here, given the uncontroverted evidence that Appellant possessed in excess of 200 grams of methamphetamine, no rational trier of fact could have rejected this evidence and convicted him of the lesser related offense of Possession with Intent to Distribute. Id. Thus, no plain error occurred.


 


 



KUEHN, JUDGE, CONCURRING IN RESULT:


¶1 I agree that Appellant's conviction should be affirmed. However, I disagree with the analysis used in Proposition V regarding lesser related offenses. The Majority categorically rejects the idea that Possession with Intent to Distribute can ever be considered a lesser related option in a Trafficking prosecution. To the extent that our prior case law supports that suggestion, it is in conflict with Shrum v. State, 1999 OK CR 41, 991 P.2d 1032.[1] I certainly agree that Possession with Intent to Distribute is not "necessarily" included within the crime of Trafficking, because no intent to distribute is ever required for Trafficking. It is, however, a related offense.[2] The proper test for whether lesser related offense instructions are warranted is whether any rational juror could have rejected evidence that distinguishes the greater crime from the lesser. McHam v. State, 2005 OK CR 28, ¶ 21, 126 P.3d 662, 670. When, as here, no rational juror could have ignored uncontroverted evidence that the quantity of drugs exceeded the threshold for Trafficking, no instruction on Possession with Intent to Distribute is warranted.


FOOTNOTES


[1] The Majority relies on Dufries v. State, 2006 OK CR 13, ¶ 20, 133 P.3d 887, 891. However, Dufries itself is in conflict with Shrum. Although Dufries was decided well after Shrum, it relies on Ott v. State, 1998 OK CR 51, ¶ 13, 967 P.2d 472, 477. Ott was decided before Shrum, and thus used the strict elements test in effect at that time, which was explicitly rejected in Shrum. To the extent that Dufries conflicts with Shrum it should be overruled.



[2] While the term "trafficking" usually connotes economic transactions, the crime Appellant was convicted of is merely an aggravated possession offense. Nevertheless, prosecutors in Trafficking cases routinely offer evidence that tends to show economic activity, such as digital scales, retail packaging, and transaction records. They also present evidence of the "street value" of the drugs that were seized. In fact, over defense objection, the prosecutor in this case elicited an officer's testimony about the street value of the methamphetamine on which the Trafficking charge was based. The State may not have to prove an intent to distribute to obtain a conviction for Trafficking, but I believe it is disingenuous to treat Trafficking and Possession with Intent to Distribute as if they were completely unrelated crimes.




 

 







 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1988 OK CR 246, 764 P.2d 530, JOHNSON v. STATE
Discussed
 1990 OK CR 17, 789 P.2d 245, JONES v. STATE
Discussed
 1990 OK CR 40, 795 P.2d 1055, LIVINGSTON v. STATE
Discussed
 1991 OK CR 70, 814 P.2d 1048, RACKLEY v. STATE
Discussed
 1994 OK CR 32, 876 P.2d 240, BRYSON v. STATE
Discussed
 1994 OK CR 40, 876 P.2d 690, SIMPSON v. STATE
Discussed
 1995 OK CR 15, 900 P.2d 982, WHITE v. STATE
Discussed
 1977 OK CR 259, 568 P.2d 1290, GAINES v. STATE
Discussed
 1999 OK CR 41, 991 P.2d 1032, Shrum v. State
Discussed at Length
 2002 OK CR 40, 60 P.3d 4, McELMURRY v. STATE
Discussed
 2004 OK CR 1, 84 P.3d 731, HARRIS v. STATE
Discussed
 2004 OK CR 27, 98 P.3d 318, LOTT v. STATE
Discussed
 2005 OK CR 28, 126 P.3d 662, McHAM v. STATE
Discussed
 2006 OK CR 13, 133 P.3d 887, DUFRIES v. STATE
Discussed at Length
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed at Length
 2006 OK CR 24, 137 P.3d 682, COATES v. STATE
Discussed
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed
 2007 OK CR 29, 164 P.3d 208, EIZEMBER v. STATE
Discussed
 2008 OK CR 27, 194 P.3d 133, WATTS v. STATE
Discussed at Length
 2009 OK CR 3, 202 P.3d 839, RUTAN v. STATE
Discussed
 2010 OK CR 7, 231 P.3d 1156, LOGSDON v. STATE
Discussed
 2010 OK CR 8, 232 P.3d 467, MARSHALL v. STATE
Discussed
 2010 OK CR 10, 236 P.3d 671, GOODE v. STATE
Discussed at Length
 2010 OK CR 17, 237 P.3d 800, McINTOSH v. STATE
Discussed
 2011 OK CR 29, 268 P.3d 86, DAVIS v. STATE
Discussed at Length
 2012 OK CR 16, 292 P.3d 512, WOLF v. STATE
Discussed at Length
 2013 OK CR 1, 293 P.3d 198, MALONE v. STATE
Discussed
 2013 OK CR 19, 315 P.3d 392, LEVERING v. STATE
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed at Length
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATE
Discussed
 2016 OK CR 2, 369 P.3d 381, DANIELS v. STATE
Discussed at Length
 2016 OK CR 5, 371 P.3d 1120, JACKSON v. STATE
Discussed
 2016 OK CR 10, 373 P.3d 118, REED v. STATE
Discussed at Length
 2016 OK CR 17, 387 P.3d 918, STATE v. TUBBY
Discussed
 2016 OK CR 18, 387 P.3d 922, PULLEN v. STATE
Discussed
 2018 OK CR 20, TRYON v. STATE
Cited
 1999 OK CR 46, 989 P.2d 998, Bernay v. State
Cited
 1981 OK CR 113, 634 P.2d 750, TART v. STATE
Discussed
 1998 OK CR 51, 967 P.2d 472, 69 OBJ 3252, Ott v. State
Discussed at Length
 1999 OK CR 37, 989 P.2d 998, Bernay v. State
Cited
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Discussed
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 353.24, Additional Unlawful Acts Enumerated
Discussed at Length
Title 63. Public Health and Safety
 Cite
Name
Level

 63 O.S. 2-405, Prohibited Acts E- Penalties
Discussed
 63 O.S. 2-415, Applicability of Act - Unlawful Acts - Violations - Penalties
Discussed at Length
 63 O.S. 2-701, Registry - Unlawful Acts - Maintenance - Duration - Assisting Someone Registered - Penalty
Cited
 63 O.S. 2-402, Prohibited Acts B - Penalties
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA